# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF NORTH MIAMI BEACH POLICE OFFICERS' AND FIREFIGHTERS' RETIREMENT PLAN and CITY OF NORTH MIAMI BEACH GENERAL EMPLOYEES' RETIREMENT PLAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BARCLAYS PLC, JAMES E. STALEY, TUSHAR MORZARIA, and C.S. VENKATAKRISHNAN, <br><br> Defendants. | No. 1:22-cv-08172-KPF-SDA |

**JOINT DECLARATION OF CAPTAIN MOHAMMAD ASIM AND ELOINE COX-HAUGHTON IN SUPPORT OF THE NORTH MIAMI BEACH FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, Captain Mohammad Asim and Eloine Cox-Haughton, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the City of North Miami Beach Police Officers' & Firefighters' Retirement Plan ("North Miami Beach P&F") and the City of North Miami Beach General Employees' Retirement Plan ("North Miami Beach GE," collectively with North Miami Beach P&F, the "North Miami Beach Funds") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for appointment of the North Miami Beach Funds as Lead Plaintiff in the above captioned securities class action (the "Action") against Defendants Barclays PLC, James E. Staley, Tushar Morzaria, and C.S. Venkatakrishnan, and for approval of the North Miami Beach Fund's selection of Wolf Popper LLP as Lead Counsel for the proposed class in this action.

1

2.      We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

3.      I, Captain Mohammad Asim, am Chairman of the City of North Miami Beach Police & Fire Pension Board, and I am authorized to make this declaration on behalf of North Miami Beach P&F.  The City of North Miami Beach Police & Fire Pension Board oversees, governs, and directs North Miami Beach P&F.  North Miami Beach P&F is a public pension system organized for the benefit of current and retired North Miami Beach sworn police officers and certain retired North Miami Beach firefighters. North Miami Beach P&F manages approximately $126 million in assets. As set forth in the certification accompanying the Complaint in this action (ECF No. 1-2), incorporated by reference herein, North Miami Beach P&F purchased 23,157 Barclays ADRs during the Class Period.  North Miami Beach P&F suffered a loss of approximately $37,194 as a result of the federal securities law violations alleged in the Action. North Miami Beach P&F is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.

4.      I, Eloine Cox-Haughton, am Chairwoman of the City of North Miami Beach General Employees Retirement Board, and I am authorized to make this declaration on behalf of North Miami Beach GE.  The City of North Miami Beach General Employees Retirement Board oversees, governs, and directs North Miami Beach GE.  North Miami Beach GE is a public pension system organized for the benefit of current and retired employees of North Miami Beach and their beneficiaries. North Miami Beach GE manages approximately $100 million in assets. As set forth in the certification accompanying the Complaint in this action (ECF No. 1-1), incorporated by reference herein, North Miami Beach GE purchased 14,202 Barclays ADRs during the Class

Period.  North Miami Beach GE suffered a loss of approximately $22,813 as a result of the federal securities law violations alleged in the Action.  North Miami Beach GE is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.

5.    The North Miami Beach Funds are informed of and understand the responsibilities and fiduciary obligations of serving as the lead plaintiff pursuant to the PSLRA, including acting on behalf of and for the benefit of the putative class; selecting and overseeing counsel; conferring with counsel regarding litigation strategy; reviewing and authorizing the filing of important case documents; attending court proceedings, depositions, settlement mediations, and hearings as needed; and giving testimony by deposition and/or at trial.

6.    Further, in seeking to be appointed Lead Plaintiff in this Action, we understand that we are subject to the jurisdiction of this Court and will be bound by all rulings, orders, and judgments of the Court.

7.    As contemplated by the PSLRA, we believe that it is important for this case to be prosecuted by sophisticated institutional investors, such as North Miami Beach P&F and North Miami Beach GE, with resources and a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interest of the alleged class. The North Miami Beach Funds' primary goal is to maximize the class's recovery from all potentially culpable parties in this litigation.

8.    The interests of the North Miami Beach Funds are aligned with each other and also with the interests of the putative class in this matter.  The North Miami Beach Funds are also highly incentivized and motivated to recover the substantial losses suffered as a result of Defendants' alleged violations of the federal securities laws and are committed to actively directing this

litigation and maximizing the recovery for the Class, having suffered aggregate losses of approximately $60,007 on our Class Period purchases of Barclays ADRs.

9.    The North Miami Beach Funds have a longstanding preexisting relationship that predates this Action.  North Miami Beach P&F and North Miami Beach GE are both pension funds for the benefit of certain public employees of the City of North Miami Beach.  The North Miami Beach Funds share the same administrative staff and same administrative office space.  The North Miami Beach Funds also have the same outside general counsel, Sugarman Susskind Braswell & Herrera ("Sugarman Susskind").  In addition the North Miami Beach Funds have the same pension investment consultant, utilize the same custodian bank and, for certain investments, the same outside investment managers (including for the investment in Barclays ADRs at issued in the Action).  In September 2022, the North Miami Beach Funds also jointly moved for appointment as lead plaintiff in *Das v. Unity Software Inc.*, No. 5:22-cv-03962-EJD, ECF No. 34 (N.D. Cal. Sept. 6, 2022).

10.    The North Miami Beach funds jointly filed the initial complaint in this Action. Subsequent to filing the initial complaint, the North Miami Beach Funds consulted with its counsel, Wolf Popper and Sugarman Susskind, and reviewed materials provided by Wolf Popper, concerning the merits of potential claims against the Defendants, and the obligations of a Lead Plaintiff under the PSLRA.  After due consideration and evaluation of this information, the North Miami Beach Funds independently determined to commence this Action either alone or jointly with each other.

11.    The North Miami Beach Funds also each independently determined to seek appointment as Lead Plaintiff either alone or jointly with each other.  The North Miami Beach Funds understand that each of us could have chosen to pursue individual actions, made a motion

for the appointment as Lead Plaintiff individually, or have taken no action and remained absent class members. However, the North Miami Beach Funds have decided to move for Lead Plaintiff in this case jointly because we strongly feel that pooling our collective resources will be serve the Class, particularly given that both North Miami Beach P&F and North Miami Beach GE are sophisticated institutional investors and have a longstanding relationship that predates the litigation.

12.    We each understand that we owe a duty of all members of the proposed Class to provide fair and adequate representation. We intend to work together and with our chosen counsel, Wolf Popper, to protect the interest of all Class members, and to vigorously prosecute the claims brought forth in the Action on behalf of the Class.

13.    We are aware of the experience, resources, and successes of our proposed Lead Counsel, Wolf Popper, and are aware are that it is an accomplished law firm with a history of successfully representing investors in litigations concerning the federal securities laws. We believe our selection of Wolf Popper, with its history of representing clients with considered judgment and candor, as well as the highest degree of courtesy, professionalism and zeal possible, provides the best opportunity to achieve and exceed our goals in this matter.

14.    Further, our shared outside general counsel, Sugarman Susskind, will also be involved in providing further guidance to the North Miami Beach Funds during this litigation.

15.    We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation, particularly given our shared outside counsel, shared administrative staff, and shared investment consultant. Indeed, as part of our effort to formalize our leadership, and our commitment to jointly prosecute the Action against Defendants, before seeking appointment as Lead Plaintiff, the North Miami Beach Funds convened a conference call

with Wolf Popper and Sugarman Susskind to discuss, among other things: the facts and the merits of the claims against Defendants; new information that has come to light since the date of the filing of the complaint; our interest in jointly serving as Lead Plaintiff; our intended strategy for prosecuting this Action; the benefits of sophisticated institutional investors serving as Lead Plaintiff may provide to the Class; and ensuring that the Class's claims will be efficiently and zealously prosecuted by our oversight of our proposed Lead Counsel, Wolf Popper.  We believe that institutional investors serving as Lead Plaintiff will have a positive effect on the quality of the representation provided to absent Class members.

16.    We also discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel, and to supervise the prosecution of the case to ensure that the Action is prosecuted efficiently. Through supervision of proposed Lead Counsel, we will function collectively and ensure that the Action is prosecuted for the benefit of the Class in an efficient and effective manner, without unreasonable expense or cost. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone and email.  We also understand that some of these meetings may need to be conducted without counsel.  To this end, given the longstanding relationship between our funds, we are familiar with each other, have each other's contact information, and are able to call each other with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications, thus ensuring that the North Miami Beach Funds are able to make timely and well-considered decisions. We are confident in our ability to reach joint decisions regarding litigation matters and will use consensus decision-making to maximize the recovery for the Class.

17.    The North Miami Beach Funds are committed to taking an active role in supervising the prosecution of this Action. While we will always seek the benefit of counsel's advice, we

understand that the final decision-making authority belongs to us. We intend to communicate with counsel—and with each other separately from our counsel—as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of this Action. To this end, we have instructed Wolf Popper to provide us with regular updates on the progress of the litigation as frequently as necessary.

18.    The North Miami Beach Funds understand that if appointed Lead Plaintiff, we will be responsible for making important litigation decisions and directing counsel with respect to this litigation. To discharge these duties, we will continue to obtain and review periodic status reports on the progress of the litigation, produce documents, answer interrogatories, sit for depositions if needed during discovery, and provide testimony if needed at trial. We are also prepared to personally travel to, or appear by videoconference at, court proceedings, depositions, settlement mediations, and hearings when our presence will be of benefit to the Class. We will provide input into litigation strategies, and major litigation decisions, including whether to settle the litigation, and if so, for what amount. These decisions are entirely dependent on our approval.

19.    In sum, the North Miami Beach Funds agree to take full responsibility for providing fair and adequate representation and overseeing our proposed Lead Counsel. We understand that if appointed Lead Plaintiff, we would both owe a fiduciary duty to all members of the putative class to provide fair and adequate representation and to work with Lead Counsel to obtain the largest possible recovery for the putative class consistent with good faith and vigorous advocacy.

20.    Based on communications to date, the North Miami Beach Funds do not anticipate that any disagreements between the funds will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with each other and our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. We are, and

will continue to be, committed to the zealous prosecution of this case and ensuring that the Class receives the optimal outcome from this litigation.

Pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 22 days of November, 2022.

_____
Captain Mohammad Asim
Chairman
City of North Miami Beach Police & Fire Retirement Committee
On behalf of the City of North Miami Beach Police Officers' and Firefighters' Retirement Plan
*(By Renaldo Gayle, Pension Plan Administrator, with permission)*

Pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 22 days of November, 2022.

_____
Eloine Cox-Haughton
Chairwoman
City of North Miami Beach General Employees Retirement Committee
On behalf of City of North Miami Beach General Employees' Retirement Plan
*(By Renaldo Gayle, Pension Plan Administrator, with permission)*