EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF NORTH MIAMI BEACH POLICE OFFICERS' AND FIREFIGHTERS' RETIREMENT PLAN AND CITY OF NORTH MIAMI BEACH GENERAL EMPLOYEES' RETIREMENT PLAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-8172-KPF |
| Plaintiff, | |
| v. | |
| BARCLAYS PLC, JAMES E. STALEY, TUSHAR MORZARIA, and C.S. VENKATAKRISHNAN, | |
| Defendants. | |

**JOINT DECLARATION OF JAY P. TURNER AND ROBERT WILLIAMS III
IN SUPPORT OF THE MOTION OF THE RETIREMENT SYSTEMS
FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, Jay P. Turner and Robert Williams III, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. We respectfully submit this Joint Declaration in support of the motion of the City of Birmingham Retirement and Relief System ("Birmingham") and the City of Hialeah Employees' Retirement System ("Hialeah ERS," and together with Birmingham, the "Retirement Systems") for appointment as Lead Plaintiff and approval of the Retirement Systems' selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel for the proposed class in the securities class action litigation against Barclays PLC ("Barclays" or the "Company") and certain of the Company's senior executives (collectively, "Defendants"). We are aware that the action is brought on behalf of all persons that purchased or otherwise acquired Barclays American Depositary Receipts ("ADRs") on a U.S. open market (the "Class") between February 18, 2021 and March 25, 2022, inclusive (the "Class Period"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the litigation. We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2. I, Jay P. Turner, am an Assistant City Attorney and the General Counsel for Birmingham and am authorized to make this declaration on behalf of Birmingham. Based in Birmingham, Alabama, the City of Birmingham Retirement and Relief System is a defined benefit public pension fund that provides pension and other benefits for city employees. Birmingham manages approximately $1 billion in assets for the benefit of its approximately 7,000 active and retired participants. As reflected in its certification, Birmingham suffered a substantial loss as a result of its investments in Barclays ADRs during the Class Period.

3.      I, Robert Williams III, am the Chairman of Hialeah ERS and am authorized to make this declaration on behalf of Hialeah ERS.  Based in Hialeah, Florida, Hialeah ERS is a defined benefit public pension fund that provides pension and other benefits for city employees.  Hialeah ERS is responsible for the retirement income of these employees and their beneficiaries.  Hialeah ERS manages approximately $800 million in assets for the benefit of its approximately 2,600 active and retired participants.  As reflected in its certification, Hialeah ERS suffered a substantial loss as a result of its investments in Barclays ADRs during the Class Period.

4.      Birmingham and Hialeah ERS are both sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.  Our familiarity with the PSLRA's requirements is informed by, among other things, our experience serving as lead plaintiff or co-lead plaintiff in securities fraud class actions.  Indeed, Birmingham has achieved outstanding results for investors when serving as a lead plaintiff or class representative in other securities class actions, including in this District, recovering more than $275 million for investors.  *See, e.g.*, *Keippel v. Health Ins. Innovations, Inc.*, No. 8:19-cv-00421-WFJ (M.D. Fla.) (achieving $11 million recovery, serving as co-lead plaintiff with another institutional investor and Saxena White as Lead Counsel); *City of Birmingham Ret. and Relief Sys. v. Credit Suisse Grp. AG*, No. 1:17-cv-10014-LGS (S.D.N.Y.) (securing $15.5 million recovery, serving as co-lead plaintiff with Saxena White as co-lead counsel); *In re: BHP Billiton Ltd. Sec. Litig.*, No. 1:16-cv-01445-NRB (S.D.N.Y.) (achieving $50 million recovery); and *Westchester Putnam Ctys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.*, No. 1:16-cv-02400 (AT)(SN) (S.D.N.Y.) (securing $28 million recovery, serving as co-lead plaintiff with Saxena White as Lead Counsel).  In addition, Birmingham served as co-lead plaintiff with Saxena White as co-lead counsel in one of the largest

2

shareholder derivative settlements in history, valued at $320 million.  *See In re Wells Fargo & Co. S'holder Deriv. Litig.*, No. 4:16-cv-05541-JST (N.D. Cal.).

5.    Like Birmingham, Hialeah ERS has achieved outstanding results for investors when serving as a lead plaintiff or class representative in other securities class actions, including in this District.  *See, e.g.*, *In re Genworth Fin., Inc. Sec. Litig.*, No. 1:14-cv-02392-AKH (S.D.N.Y.) (recovering $20 million for the class, serving as a co-lead plaintiff with another institutional investor); *Vandevar v. Amer. Renal Assoc. Holdings, Inc.*, No. 2:19-cv-09074-MAH (D.N.J.) (recovering $5.75 million for the class).  Additionally, Hialeah ERS currently serves as co-lead plaintiff with another institutional investor in a pending shareholder derivative action in which Saxena White serves as co-lead counsel.  *See In re Resideo Tech., Inc. Deriv. Litig.*, No. 0:21-cv-01965-WMW (D. Minn.).

6.    Birmingham and Hialeah ERS are each highly motivated to recover the substantial losses that they incurred as a result of Defendants' violations of the federal securities laws. Accordingly, we believe that this case should be prosecuted by sophisticated institutional investors with significant resources, experience leading class action lawsuits under the PSLRA, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class.  The Retirement Systems' primary goal in this litigation is to maximize the Class's recovery from all potentially culpable parties.

7.    Birmingham and Hialeah ERS each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case.  The Retirement Systems reached that determination based on the systems' ability to share and combine resources and ensure the Class receives the best possible representation, and based on our perspectives as fiduciaries to our respective members and shared goals and interests in protecting

3

and maximizing retirement system assets and enhancing the reliability of information disseminated by publicly traded corporations.  After analyzing the merits of the claims against Defendants, the respective losses incurred arising from Defendants' alleged misconduct, and consulting with counsel, the Retirement Systems approved the filing of a motion for Lead Plaintiff appointment.

8.     The Retirement Systems agree that their partnership is well suited for this litigation and will further the interests of the Class.  Indeed, Birmingham and Hialeah ERS's prior experiences working with other institutional investors in actions pursuant to the PSLRA demonstrate that a cohesive pairing of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one.  In addition, the fact that a common investment manager purchased Barclays ADRs on behalf of both Birmingham and Hialeah ERS further supports our belief that the Retirement Systems can oversee the prosecution of this action in an efficient and coordinated manner.  The Retirement Systems are aware that the PSLRA and courts throughout the country, including this Court, endorse groups serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class.  The Retirement Systems are committed to prosecuting the action against Defendants in such an independent, efficient, and vigorous manner.

9.     Prior to seeking appointment as Lead Plaintiff, we convened a conference call to discuss the Retirement Systems' commitment to jointly prosecute this litigation.  During the call, we discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the lead plaintiff process; the benefits of working together to prosecute the litigation in a collaborative and cohesive matter; and our strategy to

4

jointly prosecute this case to ensure our shared goal of maximizing the outcome for all Class members.

10.    We intend to share our perspectives, experiences, and resources to direct this litigation, as we have done in other cases.  To that end, we discussed with each other the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions.  We have exchanged direct contact information with each other so that we can communicate with or without counsel.  The Retirement Systems each have staff capable of overseeing this matter that are available to confer via telephone and/or email to ensure that the systems are able to make timely decisions.

11.    In the cases in which our institutions partnered with other institutional investors as lead plaintiff, we are not aware of any instance of disagreement between co-lead plaintiffs that could not be resolved through discussion and collaboration among the members of the group. Through our discussions, we determined that the Retirement Systems are like-minded, sophisticated institutional investors that are joined through our common mandate of providing for the retirement of public employees located in the U.S. South.  We are also aligned in our objective to work collaboratively to maximize the recovery for investors through this litigation.  Based on our experience and given our shared goal of achieving the best possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel.

12.    We recognize the importance of selecting qualified counsel to prosecute the case in a cost-effective manner on behalf of the Class.  With respect to our selected counsel, we believe that the Class will benefit from having a law firm experienced in litigating securities class actions

5

successfully as Lead Counsel.  Our close working relationships with Saxena White, including through our oversight of their work as Lead Counsel in other actions pursuant to the PSLRA, ensures the Class will be provided with the best possible representation.

13.    We are aware of the experience, resources, and success of Saxena White, including its history of achieving significant monetary recoveries for injured investors as Lead Counsel in cases such as *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.) ($210 million recovery); *Peace Officers Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-WJM (D. Colo.) ($135 million recovery); and *In re Perrigo Co. PLC Sec. Litig.*, No. 1:19-cv-00070-DLC (S.D.N.Y.) ($31.9 million recovery).

14.    We have directed Saxena White to advise us as to all developments during the lead plaintiff motion process.  We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing and authorizing the filing of pleadings, conferring amongst ourselves, and attending court proceedings, depositions, settlement mediations and hearings as needed.  Through our oversight, we fully believe that Saxena White will prosecute this litigation in a zealous and efficient manner and in the best interests of all members of the Class as Lead Counsel.

15.    In sum, the Retirement Systems are committed to ensuring that the Class receives the best possible outcome from this litigation.


**[REMAINDER INTENTIONALLY BLANK]**

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of November, 2022.

*City of Birmingham Retirement and Relief System*

Jay Turner (Nov 22, 2022 15:08 CST)

Jay P. Turner, Assistant City Attorney

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of November, 2022.

*City of Hialeah Employees' Retirement System*

Robert Williams III, Chairman