**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE BARCLAYS PLC
SECURITIES LITIGATION

Case No. 1:22-cv-08172-KPF

---

## DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Defendants Barclays PLC ("BPLC"), James E. Staley, C.S. Venkatakrishnan, Tushar Morzaria, and Anna Cross ("Individual Defendants," and together with Barclays, the "Defendants"), by their undersigned attorneys, hereby submit their Answer to Plaintiff Boston Retirement System's Amended Class Action Complaint, dated March 6, 2023 (the "AC"), in the above-captioned action (the "Action") as follows:

The Defendants answer and respond only to those allegations contained in the AC that remain and are directed towards them. By Opinion and Order dated February 23, 2024, the Court dismissed all claims in this Action with respect to the Defendants' alleged false statements made between March 28, 2022 and February 15, 2023 ("Dismissed Misstatement Claims"). The Court also dismissed all of the Plaintiff's claims asserted against Barclays Bank PLC ("BBPLC," and together with BPLC, "Barclays") and Nigel Higgins (together, with the Dismissed Misstatement Claims, the "Dismissed Claims"). Accordingly, no response is required to any allegations in the AC with respect to the Dismissed Claims.

The Defendants deny all allegations contained in the AC to the extent they assert or suggest, individually or collectively, that any of the Defendants engaged in any actionable conduct or are otherwise liable to the Plaintiff or the putative class or any proposed member thereof. For ease of reference, the Defendants have organized their answer to the AC's allegations

by employing the AC's headings and subheadings.  In doing so, the Defendants do not admit that the headings or subheadings are accurate or appropriate for any purpose in this matter and, to the extent that any heading can be read to contain factual allegations, deny each and every one of them.

Except as otherwise indicated, the responses herein in respect of each of the Defendants are made on personal knowledge with respect to allegations specifically relating to that Defendant, and on information and belief with respect to all other allegations (including based on information obtained from documents and/or other knowledgeable individuals).

In further response to the AC, the Defendants state as follows:

The Defendants deny that the allegations contained in the AC's unnumbered introductory paragraph present a fair and complete description of the matters described therein, and respectfully refer the Court to the publicly available records referenced therein for a complete and accurate statement of their contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in the introductory paragraph concerning unspecified "filings," "press releases," "public statements," "securities analysts' reports and advisories," and "media reports," and therefore deny them.  The Defendants further deny the allegations in the AC's introductory paragraph to the extent that they mischaracterize the order issued by the U.S. Securities and Exchange Commission (the "SEC") as to BPLC and BBPLC, dated September 29, 2022 (the "SEC Order"), or otherwise fail to provide a complete and fair description of the matters described therein.  The Defendants respectfully refer the Court to the SEC Order for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent that the AC's introductory paragraph relates to the Dismissed Claims, no response is required.

## I.    NATURE OF THE ACTION

1.    Paragraph 1 sets forth the Plaintiff's description of its legal claims, to which no response is required.  To the extent that a response is required, the Defendants deny the allegations in paragraph 1, except admit that the Plaintiff purports to bring this Action on behalf of a putative class of purchasers of BPLC's American Depositary Receipts ("ADRs") between February 18, 2021 and February 14, 2023 (the "Class Period"), and aver that this alleged Class Period is no longer operative following the Court's ruling on the Defendants' motion to dismiss, which limited the Plaintiff's claims to the period between February 18, 2021 and March 27, 2022.  The Defendants also admit that the Plaintiff seeks to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  The Defendants deny that this Action is properly maintained as a class action and deny that the Plaintiff is entitled to the relief it seeks on behalf of itself and the members of the putative class.  The Defendants further deny that either the Plaintiff or any other individual or entity suffered any injury as a result of any action or conduct of the Defendants. The Defendants further aver that, to the extent paragraph 1 relates to the Dismissed Claims, no response is required.

2.    To the extent that the allegations of paragraph 2 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 2.  The Defendants further aver that, to the extent paragraph 2 relates to the Dismissed Claims, no response is required.

3.    To the extent that the allegations of paragraph 3 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 3 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BBPLC issued approximately $17.7 billion

in securities in excess of what it had registered with the SEC pursuant to an amended shelf registration statement filed on February 22, 2018 (the "2018 Shelf") and a further registration statement filed on June 14, 2019 (the "2019 Shelf"). The Defendants respectfully refer the Court to the unidentified source quoted in paragraph 3 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 3 relates to the Dismissed Claims, no response is required.

4. The Defendants deny the allegations of paragraph 4, except admit that BPLC and BBPLC each filed amendments to their Annual Reports on Form 20-F for the year ended December 31, 2021, and the Defendants respectfully refer the Court to the documents referenced in paragraph 4 and the unidentified source quoted therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 4 relates to the Dismissed Claims, no response is required.

5. To the extent that the allegations of paragraph 5 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny that the allegations of paragraph 5, and respectfully refer the Court to 17 C.F.R. § 230.405 ("Rule 405") for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 5 relates to the Dismissed Claims, no response is required.

6. To the extent that the allegations of paragraph 6 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny that the allegations of paragraph 6 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct. The Defendants further aver that, to the extent paragraph 6 relates to the Dismissed Claims, no response is required.

7.      To the extent that the allegations of paragraph 7 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 7 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and BBPLC requested and/or received waivers regarding ineligible issuer status on certain occasions, and the Defendants respectfully refer the Court to Rule 405 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 7 relates to the Dismissed Claims, no response is required.

8.      The Defendants deny that the allegations of paragraph 8 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and BBPLC did not receive waivers regarding ineligible issuer status in relation to *In the Matter of Barclays Capital Inc.*, Adm. Proc. File No. 3-17978 (May 10, 2017).  The Defendants respectfully refer the Court to the documents quoted and referenced in paragraph 8 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 8 relates to the Dismissed Claims, no response is required.

9.      The Defendants deny that the allegations of paragraph 9 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further aver that, to the extent paragraph 9 relates to the Dismissed Claims, no response is required.

10.     The Defendants deny the allegations of paragraph 10 and footnote 3, except admit that (i) BBPLC registered the offer or sale of approximately $20.8 billion using the 2019 Shelf, and (ii) BBPLC issued approximately $17.7 billion in securities beyond the amounts registered

using the 2018 Shelf and 2019 Shelf, and respectfully refer the Court to the document quoted in paragraph 10 for a complete and accurate statement of its contents. The Defendants further aver that BPLC and BBPLC neither admitted nor denied the findings in the SEC Order and respectfully refer the Court to the SEC Order for a complete and accurate statement of its contents. The Defendants also aver that, to the extent paragraph 10 and footnote 3 relate to the Dismissed Claims, no response is required.

11.     The Defendants deny that the allegations contained in paragraph 11 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 11 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 11 relates to the Dismissed Claims, no response is required.

12.     The Defendants aver that paragraph 12 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations contained in paragraph 12. The Defendants further aver that, to the extent paragraph 12 relates to the Dismissed Claims, no response is required.

13.     To the extent that the allegations of paragraph 13 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 13, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 13 relates to the Dismissed Claims, no response is required.

14.     The Defendants deny that the allegations of paragraph 14 and footnotes 5 through 7 present a fair and complete description of the matters described therein, and deny such allegations

-6-

to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 14, 2022, BBPLC (i) disclosed the over-issuance to the SEC, and (ii) announced publicly the suspension of sales from inventory and any further issuances of certain exchange-traded notes ("ETNs")—specifically, the iPath Pure Beta Crude Oil ETNs due April 18, 2041 (Ticker: OIL) and the iPath Series B S&P 500 VIX Short-Term Futures$^{TM}$ ETNs due January 23, 2048 (Ticker: VXX). The Defendants respectfully refer the Court to the document referenced and unidentified source quoted in paragraph 14 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 14 and the footnotes 5 through 7 relate to the Dismissed Claims, no response is required.

15.    The Defendants deny that the allegations of paragraph 15 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 28, 2022, BPLC and BBPLC each filed a Form 6-K with the SEC regarding BBPLC's over-issuance of securities. The Defendants respectfully refer the Court to those SEC filings for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 15 relates to the Dismissed Claims, no response is required.

16.    The Defendants deny the allegations contained in paragraph 16, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 16 relates to the Dismissed Claims, no response is required.

17.    The Defendants deny that the allegations of paragraph 17 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that,

on May 23, 2022, BPLC and BBPLC each filed amendments to their Annual Reports on Form 20-F for the year ended December 31, 2021.  The Defendants respectfully refer the Court to the documents referenced in paragraph 17 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 17 relates to the Dismissed Claims, no response is required.

18.    The Defendants aver that paragraph 18 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny the allegations of paragraph 18, except admit that, on July 28, 2022, Barclays publicly disclosed that BBPLC issued securities in excess of the amount it had registered with the SEC under the 2018 Shelf, and the Defendants respectfully refer the Court to the document referenced in paragraph 18 for a complete and accurate statement of its contents.

19.    The Defendants aver that paragraph 19 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in paragraph 19, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.

20.    The Defendants deny that the allegations of paragraph 20 and footnote 12 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on September 29, 2022, the SEC issued the SEC Order in which it (i) found that BBPLC violated Sections 5(a) and 5(c) of the Securities Act of 1933, and that BPLC and BBPLC violated Section 13(a) and Rules 12b-20 and 13a-1 thereunder, as well as Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, and (ii) assessed a $200 million civil money penalty against BPLC and BBPLC.  The Defendants aver that BPLC and BBPLC neither admitted nor denied the

findings in the SEC Order and respectfully refer the Court to the SEC Order for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 20 and footnote 12 relate to the Dismissed Claims, no response is required.

21. The Defendants deny that the allegations of paragraph 21 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on February 15, 2023, BPLC filed its Annual Report on Form 20-F for the year ended December 31, 2022. The Defendants respectfully refer the Court to the documents referenced in paragraph 21 for a complete and accurate statement of their contents. The Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 based on third-party estimates of structured note market share, and therefore deny them. The Defendants further aver that, to the extent paragraph 21 relates to the Dismissed Claims, no response is required.

22. The Defendants aver that paragraph 22 relates to the Dismissed Claims to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in paragraph 22, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.

23. The Defendants aver that paragraph 23 relates to the Dismissed Claims to which no response is required. To the extent that a response is required, the Defendants deny the allegations of paragraph 23, and respectfully refer the Court to the document quoted in paragraph 23 for a complete and accurate statement of its contents.

24. The Defendants aver that paragraph 24 relates to the Dismissed Claims to which no response is required. To the extent that a response is required, the Defendants deny that the

allegations of paragraph 24 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted and referenced in paragraph 24 for a complete and accurate statement of its contents.

25.     To the extent that the allegations of paragraph 25 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 25.  The Defendants further aver that, to the extent paragraph 25 relates to the Dismissed Claims, no response is required.

## II.     JURISDICTION AND VENUE

26.     Paragraph 26 sets forth the Plaintiff's description of its legal claims, to which no response is required.  Similarly, to the extent that the allegations of paragraph 26 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 26 to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further aver that, to the extent paragraph 26 relates to the Dismissed Claims, no response is required.

27.     To the extent that the allegations of paragraph 27 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 27 to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further aver that, to the extent paragraph 27 relates to the Dismissed Claims, no response is required.

28.     To the extent that the allegations of paragraph 28 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 28 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants

engaged in any actionable conduct, except admit that (i) BPLC ADRs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "BCS," (ii) the depositary bank for BPLC ADRs is J.P. Morgan Chase, N.A. ("JPM"), and (iii) the deposit agreement relevant to BPLC ADRs is governed by New York law.  The Defendants further respectfully refer the Court to the documents and website referenced in paragraph 28 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 28 relates to the Dismissed Claims, no response is required.

29.     To the extent that the allegations of paragraph 29 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 29 to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further aver that, to the extent paragraph 29 relates to the Dismissed Claims, no response is required.

## III.   PARTIES

### A.     Lead Plaintiff

30.     The Defendants deny the allegations of paragraph 30, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 concerning the Plaintiff's operations, the Plaintiff's alleged purchase of Barclays' ADRs, or the matters set forth in the certifications referenced in paragraph 30, and therefore deny them.  The Defendants further aver that, to the extent paragraph 30 relates to the Dismissed Claims, no response is required.

### B.     Section 10(b) Defendants

31.     The Defendants deny that the allegations of paragraph 31 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that

BPLC is a bank holding company, based in the United Kingdom, which issues common shares underlying ADRs, which are traded on the NYSE under the ticker symbol "BCS," and respectfully refer the Court to the publicly available records regarding BPLC ADRs for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 31 relates to the Dismissed Claims, no response is required.

32.    The Defendants deny that the allegations of paragraph 32 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that James E. Staley served as (i) Barclays' Group Chief Executive, a member of the Group Executive Committee, and a director on BPLC's Board of Directors from December 1, 2015 through October 31, 2021, and (ii) BBPLC's Chief Executive and a director on BBPLC's Board of Directors from March 26, 2019 through October 31, 2021. The Defendants also admit that Mr. Staley signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") that were attached as exhibits to BPLC's and BBPLC's Annual Reports on Form 20-F for the years ended December 31, 2019 and December 31, 2020. The Defendants respectfully refer the Court to the documents referenced in paragraph 32 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 32 relates to the Dismissed Claims, no response is required.

33.    The Defendants deny that the allegations of paragraph 33 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that C.S. Venkatakrishnan (i) has served as Barclays' Group Chief Executive, as a Director on the Boards of Directors of BPLC and BBPLC, and on the Group Executive Committee since November 1, 2021, (ii) served as BBPLC's Head of Global Markets from October 2020 to

November 2021, (iii) served as Group Chief Risk Officer from 2016 to 2020, and (iv) signed certifications pursuant to SOX that were attached as exhibits to BPLC's and BBPLC's Annual Reports on Form 20-F for the years ended December 31, 2021, December 31, 2022, and December 31, 2023. The Defendants respectfully refer the Court to the documents referenced in paragraph 33 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 33 relates to the Dismissed Claims, no response is required.

34. The Defendants deny that the allegations of paragraph 34 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Tushar Morzaria (i) served as Barclays' Group Finance Director, as a Director on the Boards of Directors of BPLC and BBPLC, and on the Group Executive Committee, (ii) retired from his roles effective April 22, 2022, (iii) currently serves as Chairman on Barclays' Global Financial Institutions Group, and (iv) signed BPLC's Annual Reports filed on Form 20-F for the years ended December 31, 2020 and December 31, 2021, and signed certifications pursuant to SOX that were attached as exhibits to BPLC's Annual Reports on Form 20-F for the years ended December 31, 2020 and December 31, 2021. The Defendants respectfully refer the Court to the documents referenced in paragraph 34 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 34 relates to the Dismissed Claims, no response is required.

35. The Defendants deny that the allegations of paragraph 35 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Anna Cross (i) has served as Barclays' Group Finance Director, as a Director on the Boards of

Directors of BPLC and BBPLC, and on the Group Executive Committee since April 23, 2022, and (ii) previously served as Chief Financial Officer of BBPLC, Group Financial Controller, and Deputy Group Finance Director.  The Defendants further aver that, to the extent paragraph 35 relates to the Dismissed Claims, no response is required.

36.    The Defendants aver that, to the extent paragraph 36 merely purports to adopt defined terms for the purposes of the AC, no response is required.  Similarly, to the extent that the allegations of paragraph 36 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 36.  The Defendants further aver that, to the extent paragraph 36 relates to the Dismissed Claims, no response is required.

37.    To the extent that the allegations of paragraph 37 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 37.  The Defendants further aver that, to the extent paragraph 37 relates to the Dismissed Claims, no response is required.

38.    To the extent the allegations of paragraph 38 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 38.  The Defendants further aver that, to the extent paragraph 38 relates to the Dismissed Claims, no response is required.

**C.    Section 20(a) Control Person Defendants**

39.    The Defendants aver that paragraph 39 relates to the Dismissed Claims to which no response is required because all claims against Nigel Higgins were dismissed.  To the extent that a response is required, the Defendants deny the allegations of paragraph 39, except admit that Nigel Higgins has served (i) as Barclays' Group Chairman since May 2019, and (ii) as a Director on the Boards of Directors of BPLC and BBPLC since March 2019.

40.     The Defendants deny that the allegations of paragraph 40 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BBPLC is a wholly owned subsidiary of BPLC.  The Defendants further aver that, to the extent paragraph 40 relates to the Dismissed Claims, no response is required.

41.     The Defendants aver that paragraph 41 merely purports to adopt defined terms for the purposes of the AC as to which no response is required.  The Defendants further aver that paragraph 41 relates to the Dismissed Claims as to which no response is required.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.      Company Background

42.     The Defendants deny the allegations of paragraph 42, except admit that BPLC is headquartered in London, United Kingdom, and that Barclays is a transatlantic consumer and wholesale bank with global reach offering products and services across personal, corporate and investment banking, credit cards, and wealth management.  The Defendants further aver that, to the extent paragraph 42 relates to the Dismissed Claims, no response is required.

43.     The Defendants deny the allegations of paragraph 43, except admit that (i) Brian Gilvary serves as the Senior Independent Director of the BPLC Board of Directors, and (ii) Crawford Gillies served on the BPLC Board of Directors from May 2014 until his resignation effective May 31, 2023.  The Defendants further aver that, to the extent paragraph 43 relates to the Dismissed Claims, no response is required.

44.     The Defendants deny that the allegations of paragraph 44 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants

further aver that, to the extent paragraph 44 relates to the Dismissed Claims, no response is required.

  **B.  The 2005 Securities Offering Reform and "Well-Known Seasoned Issuer" Status**

  45.  To the extent the allegations of paragraph 45 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny that the allegations of paragraph 45 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the court to the documents referenced in paragraph 45 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 45 relates to the Dismissed Claims, no response is required.

  46.  The Defendants aver that paragraph 46 consists of legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the allegations of paragraph 46 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the court to the SEC forms and rule referenced in paragraph 46 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 46 relates to the Dismissed Claims, no response is required.

  47.  The Defendants aver that paragraph 47 consists of legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the allegations of paragraph 47 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct. The Defendants further aver that, to the extent paragraph 47 relates to the Dismissed Claims, no response is required.

48.     The Defendants aver that paragraph 48 consists of legal conclusions to which no response is required.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 48 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to Rule 405 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 48 relates to the Dismissed Claims, no response is required.

49.     To the extent that the allegations of paragraph 49 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 49 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to Rule 405 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 49 relates to the Dismissed Claims, no response is required.

### C.     Barclays' Structured Note and ETN Offerings

50.     The Defendants deny that the allegations of paragraph 50 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BBPLC has offered and sold securities in the United States pursuant to an effective shelf registration statement on Form F-3.  The Defendants further aver that, to the extent paragraph 50 relates to the Dismissed Claims, no response is required.

51.     To the extent that the allegations of paragraph 51 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 51 present a fair and complete description of the matters described

-17-

therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 as to what is "usually" the "present intention" of unidentified third parties, and therefore deny them. The Defendants further aver that, to the extent paragraph 51 relates to the Dismissed Claims, no response is required.

52.    The Defendants deny that the allegations of paragraph 52 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except the Defendants admit that BBPLC's Structured Products Group engaged in the offer and sale of structured notes and ETNs.  The Defendants further aver that, to the extent paragraph 52 relates to the Dismissed Claims, no response is required.

53.    The Defendants deny that the allegations of paragraph 53 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except the Defendants admit that Barclays Group Treasury Function periodically sells corporate debt securities.  The Defendants further aver that, to the extent paragraph 53 relates to the Dismissed Claims, no response is required.

**D.    Barclays' History of SEC Violations and Ineligible Issuer Penalty Waiver Requests**

54.    The Defendants deny that the allegations of paragraph 54 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and/or BBPLC requested and the SEC's Division of Corporate Finance granted waivers

regarding ineligible issuer status on certain occasions between 2007 and 2016. The Defendants further aver that, to the extent paragraph 54 relates to the Dismissed Claims, no response is required.

55.    The Defendants deny that the allegations of paragraph 55 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Barclays requested and the SEC's Division of Corporate Finance granted a waiver regarding ineligible issuer status in 2007. The Defendants respectfully refer the Court to the publicly available correspondence related to that waiver request for a complete and accurate description of the waiver request. The Defendants further aver that, to the extent paragraph 55 relates to the Dismissed Claims, no response is required.

56.    The Defendants deny that the allegations of paragraph 56 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Barclays requested and the SEC's Division of Corporate Finance granted a waiver regarding ineligible issuer status in 2014. The Defendants respectfully refer the Court to the publicly available correspondence related to that waiver request for a complete and accurate description of the waiver request. The Defendants further aver that, to the extent paragraph 56 relates to the Dismissed Claims, no response is required.

57.    The Defendants deny that the allegations of paragraph 57 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC requested a waiver regarding ineligible issuer status from the SEC's Division of Corporate

Finance on May 20, 2015, and that Barclays requested a waiver regarding ineligible issuer status from the SEC's Division of Corporate Finance on January 27, 2016. The Defendants respectfully refer the Court to the publicly available correspondence related to those waiver requests for a complete and accurate description of those waiver requests. The Defendants further aver that, to the extent paragraph 57 relates to the Dismissed Claims, no response is required.

58.     The Defendants deny that the allegations of paragraph 58 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC requested a waiver regarding ineligible issuer status from the SEC's Division of Corporate Finance on May 20, 2015, and that Barclays requested a waiver regarding ineligible issuer status from the SEC's Division of Corporate Finance on January 27, 2016. The Defendants further respectfully refer the Court to the documents referenced in paragraph 58 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 58 relates to the Dismissed Claims, no response is required.

59.     The Defendants deny that the allegations of paragraph 59 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct. The Defendants further respectfully refer the Court to the documents referenced in paragraph 59 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 59 relates to the Dismissed Claims, no response is required.

60.     The Defendants deny that the allegations of paragraph 60 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct. The Defendants

further respectfully refer the Court to the unidentified sources quoted in paragraph 60 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 60 relates to the Dismissed Claims, no response is required.

61.    The Defendants deny that the allegations of paragraph 61 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except the Defendants admit that Barclays did not obtain a waiver regarding ineligible issuer status in relation to *In the Matter of Barclays Capital Inc.*, Adm. Proc. File No. 3-17978 (May 10, 2017).  The Defendants further aver that, to the extent paragraph 61 relates to the Dismissed Claims, no response is required.

**E.    May 2017: Barclays Becomes an Ineligible Issuer, Losing Its WKSI Privileges**

62.    The Defendants deny that the allegations of paragraph 62 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further respectfully refer the Court to the document referenced in paragraph 62 for a complete and accurate statement of its contents.

63.    To the extent that the allegations of paragraph 63 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 63 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and BBPLC became ineligible issuers under Rule 405 as a result of Barclays Capital Inc.'s resolution with the SEC in relation to *In the Matter of Barclays Capital Inc.*, Adm. Proc. File No. 3-17978 (May 10, 2017).  The Defendants

further aver that, to the extent paragraph 63 relates to the Dismissed Claims, no response is required.

64.     To the extent that the allegations of paragraph 64 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 64 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further aver that, to the extent paragraph 64 relates to the Dismissed Claims, no response is required.

65.     The Defendants deny that the allegations of paragraph 65 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further respectfully refer the Court to the SEC Order for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 65 relates to the Dismissed Claims, no response is required.

### 1.     The Shelf Registrations at Issue in This Case

66.     The Defendants deny that the allegations of paragraph 66 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on July 18, 2016, BBPLC filed a shelf registration statement on Form F-3, and that BBPLC's post-effective amendment to that shelf registration statement was declared effective on March 30, 2018. The Defendants respectfully refer the Court to the documents referenced in paragraph 66 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 66 relates to the Dismissed Claims, no response is required.

67. The Defendants deny that the allegations of paragraph 67 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer to the Court to the SEC filing referenced in paragraph 67 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 67 relates to the Dismissed Claims, no response is required.

68. The Defendants deny that the allegations of paragraph 68 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on June 14, 2019, BBPLC filed a shelf registration statement on Form F-3, which was declared effective on August 1, 2019, and that BPLC and BBPLC were ineligible issuers at the time of this filing. The Defendants further respectfully refer the Court to the SEC filings referenced in paragraph 68 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 68 relates to the Dismissed Claims, no response is required.

69. The Defendants deny that the allegations of paragraph 69 and footnote 24 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BBPLC registered the offer or sale of certain structured notes and ETNs pursuant to the 2019 Shelf and issued structured notes and ETNs from the 2019 Shelf. The Defendants further respectfully refer the Court to the SEC filings referenced in paragraph 69 and footnote 24 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 69 and footnote 24 relate to the Dismissed Claims, no response is required.

**2.    Barclays Working Group Formed Following the May 2017 Loss of WKSI Status**

70.    The Defendants deny that the allegations of paragraph 70 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further respectfully refer the Court to the SEC Order referenced in paragraph 70 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 70 relates to the Dismissed Claims, no response is required.

71.    The Defendants deny that the allegations of paragraph 71 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 71 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 71 relates to the Dismissed Claims, no response is required.

72.    The Defendants deny that the allegations of paragraph 72 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and further respectfully refer the Court to the SEC Order referenced in paragraph 72 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 72 relates to the Dismissed Claims, no response is required.

73.    The Defendants deny that the allegations of paragraph 73 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on February 22, 2018, BBPLC filed a post-effective amendment to its prior shelf registration

statement filed on Form F-3, which was declared effective on March 30, 2018.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 73 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 73 relates to the Dismissed Claims, no response is required.

74.    The Defendants deny that the allegations of paragraph 74 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 74 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 74 relates to the Dismissed Claims, no response is required.

### 3.    Registration of the 2019 Shelf

75.    The Defendants deny that the allegations of paragraph 75 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 75 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 75 relates to the Dismissed Claims, no response is required.

76.    The Defendants deny that the allegations of paragraph 76 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 76 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 76 relates to the Dismissed Claims, no response is required.

77.     The Defendants deny that the allegations of paragraph 77 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BBPLC filed a shelf registration statement on Form F-3 that was declared effective on August 1, 2019.   The Defendants further respectfully refer the Court to the documents referenced in paragraph 77 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 77 relates to the Dismissed Claims, no response is required.

78.     The Defendants deny that the allegations of paragraph 78 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 78 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 78 relates to the Dismissed Claims, no response is required.

**F.     The Over-Issuances of Securities In Excess of What Barclays Registered in the 2018 and 2019 Shelf Registration Statements**

79.     The Defendants deny that the allegations of paragraph 79 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 79 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 79 relates to the Dismissed Claims, no response is required.

80.     The Defendants deny that the allegations of paragraph 80 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the

Court to the SEC Order referenced in paragraph 80 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 80 relates to the Dismissed Claims, no response is required.

81. The Defendants deny that the allegations of paragraph 81 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 14, 2022, Barclays reported the over-issuance to certain regulators and BBPLC announced the suspension of sales from inventory and any further issuances of the VXX and OIL ETNs. The Defendants further respectfully refer the Court to the documents referenced in paragraph 81 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 81 relates to the Dismissed Claims, no response is required.

82. The Defendants deny that the allegations of paragraph 82 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 28, 2022, BPLC and BBPLC each filed a Form 6-K with the SEC regarding BBPLC's over-issuance of securities. The Defendants further respectfully refer the Court to the SEC filing referenced in paragraph 82 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 82 relates to the Dismissed Claims, no response is required.

83. The Defendants deny that the allegations of paragraph 83 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BBPLC issued press releases on April 22, 2022 and April 28, 2022 stating that it had suspended,

-27-

until further notice, further sales of certain ETNs by BBPLC and its affiliates.  The Defendants respectfully refer the Court to those press releases for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 83 relates to the Dismissed Claims, no response is required.

84.    The Defendants deny that the allegations of paragraph 84 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 84 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 84 relates to the Dismissed Claims, no response is required.

85.    The Defendants deny that the allegations of paragraph 85 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order referenced in paragraph 85 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 85 relates to the Dismissed Claims, no response is required.

**G.    April and May 2022: Barclays' Restatements for BPLC and BBPLC**

86.    The Defendants deny that the allegations of paragraph 86 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that (i) on April 28, 2022, BPLC disclosed that it was in discussions with the SEC about filing a restatement of the financial statements that BPLC included in its Annual Report on Form 20-F for the year ended December 31, 2021, and (ii) on May 16, 2022, BPLC publicly disclosed that its Board of Directors determined, on May 13, 2022, that BPLC would restate the financial statements

included in its Annual Report on Form 20-F for the year ended December 31, 2021.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 86 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 86 relates to the Dismissed Claims, no response is required.

87.    The Defendants deny that the allegations of paragraph 87 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on May 23, 2022, BPLC and BBPLC each filed amendments to their Annual Reports on Form 20-F for the year ended December 31, 2021.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 87 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 87 relates to the Dismissed Claims, no response is required.

**H.    Rescission Offer (August 1, 2022 - September 12, 2022)**

88.    The Defendants deny that the allegations of paragraph 88 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that: (i) on August 1, 2022, BBPLC filed a prospectus supplement on Form 424B5 to the prospectus dated May 23, 2022, and initiated a rescission offer; and (ii) BBPLC filed an amended prospectus supplement on August 12, 2022.  The Defendants respectfully refer the Court to the documents referenced in paragraph 88 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 88 relates to the Dismissed Claims, no response is required.

89.    The Defendants deny that the allegations of paragraph 89 present a fair and complete description of the matters described therein, deny such allegations to the extent that they

assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 89 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 89 relates to the Dismissed Claims, no response is required.

90.     The Defendants deny that the allegations of paragraph 90 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 90 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 90 relates to the Dismissed Claims, no response is required.

91.     The Defendants deny that the allegations of paragraph 91 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on September 15, 2022, BPLC and BBPLC each filed a Form 6-K with the SEC regarding the expiration of BBPLC's rescission offer. The Defendants further respectfully refer the Court to the document referenced in paragraph 91 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 91 relates to the Dismissed Claims, no response is required.

I.     **September 29, 2022: SEC Issues Consent Decree and Cease-and-Desist Order Against Barclays for Violating Federal Securities Laws Through the Over-Issuance**

92.     The Defendants deny that the allegations of paragraph 92 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that on September 29, 2022, the SEC released the SEC Order. The Defendants further respectfully refer

the Court to the SEC Order referenced in paragraph 92 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 92 relates to the Dismissed Claims, no response is required.

93. The Defendants deny that the allegations of paragraph 93 and footnote 56 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that the SEC Order directed BBPLC to pay disgorgement in the amount of $149,731,001.00 and prejudgment interest thereon in the amount of $11,463,229.00, and that payment of these amounts was deemed satisfied by the rescission offer that BBPLC commenced on August 1, 2022 and expired on September 12, 2022. The Defendants further aver that BPLC and BBPLC neither admitted nor denied the findings in the SEC Order and respectfully refer the Court to the SEC Order for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 93 and footnote 56 relate to the Dismissed Claims, no response is required.

94. The Defendants deny that the allegations of paragraph 94 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order quoted in paragraph 94 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 94 relates to the Dismissed Claims, no response is required.

95. The Defendants deny that the allegations of paragraph 95 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order quoted in paragraph 95 for a complete and accurate statement of its

contents.  The Defendants further aver that, to the extent paragraph 95 relates to the Dismissed Claims, no response is required.

96.    The Defendants deny that the allegations of paragraph 96 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order quoted in paragraph 96 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 96 relates to the Dismissed Claims, no response is required.

97.    The Defendants deny that the allegations of paragraph 97 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that: (i) on March 14, 2022, Barclays reported the over-issuance to certain regulators, and BBPLC announced the suspension of sales from inventory and any further issuances of the VXX and OIL ETNs; and (ii) on March 28, 2022, BPLC and BBPLC each filed a Form 6-K with the SEC regarding BBPLC's over-issuance of securities.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 97 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 97 relates to the Dismissed Claims, no response is required.

98.    The Defendants deny that the allegations of paragraph 98 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that on May 23, 2022, BPLC and BBPLC each filed amendments to their Annual Reports on Form 20-F for the year ended December 31, 2021.  The Defendants further respectfully refer the Court to the

documents referenced in paragraph 98 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 98 relates to the Dismissed Claims, no response is required.

99.    The Defendants deny that the allegations of paragraph 99 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order quoted and referenced in paragraph 99 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 99 relates to the Dismissed Claims, no response is required.

100.    The Defendants deny that the allegations of paragraph 100 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the SEC Order quoted and referenced in paragraph 100 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 100 relates to the Dismissed Claims, no response is required.

## V.    INTERNAL CONTROLS OVER FINANCIAL REPORTING

### A.    Requirements Under Sarbanes-Oxley Act of 2002

101.    The Defendants aver that paragraph 101 merely characterizes the laws to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 101, and respectfully refer the Court to the laws referenced therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 101 relates to the Dismissed Claims, no response is required.

102. The Defendants aver that paragraph 102 merely characterizes the law to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 102, and respectfully refer the Court to the law referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 102 relates to the Dismissed Claims, no response is required.

103. The Defendants aver that paragraph 103 merely characterizes the law to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 103, and respectfully refer the Court to the law referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 103 relates to the Dismissed Claims, no response is required.

104. The Defendants aver that paragraph 104 merely characterizes the law and regulation to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 104, and respectfully refer the Court to the law, regulation, and document referenced therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 104 relates to the Dismissed Claims, no response is required.

105. To the extent that the allegations of paragraph 105 consist of legal conclusions or mere characterizations of the law to which they refer, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 105, and respectfully refer the Court to the unidentified sources referenced therein for a complete and

accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 105 relates to the Dismissed Claims, no response is required.

### B.    COSO Framework

106.    The Defendants aver that paragraph 106 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 106, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 106 relates to the Dismissed Claims, no response is required.

107.    The Defendants aver that paragraph 107 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 107, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 107 relates to the Dismissed Claims, no response is required.

108.    The Defendants aver that paragraph 108 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 108, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 108 relates to the Dismissed Claims, no response is required.

109.    The Defendants aver that paragraph 109 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the

allegations of paragraph 109, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 109 relates to the Dismissed Claims, no response is required.

110. The Defendants aver that paragraph 110 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 110, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 110 relates to the Dismissed Claims, no response is required.

111. The Defendants aver that paragraph 111 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 111, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 111 relates to the Dismissed Claims, no response is required.

112. The Defendants aver that paragraph 112 merely characterizes the framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 112, and respectfully refer the Court to the framework referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 112 relates to the Dismissed Claims, no response is required.

### C.    The Federal Reserve Reiterated the Need for Barclays to Maintain Effective ICFR

113.    The Defendants aver that the allegations of paragraph 113 consist of legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 113, except admit that BPLC and BBPLC are regulated as bank holding companies by the Board of Governors of the Federal Reserve System.  The Defendants respectfully refer the Court to the document quoted in paragraph 113 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 113 relates to the Dismissed Claims, no response is required.

114.    The Defendants aver that paragraph 114 merely characterizes the handbook to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 114, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 114 relates to the Dismissed Claims, no response is required.

115.    The Defendants aver that paragraph 115 merely characterizes the handbook to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 115, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 115 relates to the Dismissed Claims, no response is required.

### D.    ICFR and DCP

116.    The Defendants aver that the allegations of paragraph 116 state legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the

Defendants deny the allegations of paragraph 116 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.  The Defendants further aver that, to the extent paragraph 116 relates to the Dismissed Claims, no response is required.

117.   The Defendants aver that paragraph 117 merely characterizes the regulation to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 117, and respectfully refer the Court to the regulation quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 117 relates to the Dismissed Claims, no response is required.

118.   The Defendants aver that paragraph 118 merely characterizes the regulation to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 118, and respectfully refer the Court to the regulation quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 118 relates to the Dismissed Claims, no response is required.

119.   The Defendants aver that paragraph 119 merely characterizes the regulation to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 119, and respectfully refer the Court to the regulation quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 119 relates to the Dismissed Claims, no response is required.

120.    The Defendants aver that paragraph 120 and footnote 65 merely characterize the SEC releases to which they refer and thus no response is required, and state legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 120 and footnote 65, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 120 and footnote 65 relate to the Dismissed Claims, no response is required.

121.    The Defendants aver that paragraph 121 merely characterizes the SEC release to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 121, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 121 relates to the Dismissed Claims, no response is required.

122.    To the extent that the allegations of paragraph 122 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 122.  The Defendants further aver that, to the extent paragraph 122 relates to the Dismissed Claims, no response is required.

**E.    Barclays Certified to Investors ICFR and DCP Were Effective During the Class Period**

123.    The Defendants aver that paragraph 123 merely characterizes the SEC release to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 123, and respectfully refer the Court to the document quoted therein for

a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 123 relates to the Dismissed Claims, no response is required.

124.    The Defendants aver that paragraph 124 merely characterizes the SEC release to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 124, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 124 relates to the Dismissed Claims, no response is required.

125.    The Defendants aver that paragraph 125 merely characterizes the SEC release and framework to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 125, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 125 relates to the Dismissed Claims, no response is required.

126.    The Defendants aver that paragraph 126 merely characterizes the SEC release to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 126, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 126 relates to the Dismissed Claims, no response is required.

127.    The Defendants aver that paragraph 127 merely characterizes the SEC releases to which it refers and thus no response is required, and states legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the

allegations of paragraph 127, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 127 relates to the Dismissed Claims, no response is required.

### F.    Barclays Restates Its 2021 Financials and Admits a Material Weakness in Internal Controls

128.    The Defendants aver that the allegations of paragraph 128 state legal conclusions to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 128.  The Defendants further aver that, to the extent paragraph 128 relates to the Dismissed Claims, no response is required.

129.    The Defendants deny that the allegations of paragraph 129 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 129 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 129 relates to the Dismissed Claims, no response is required.

130.    The Defendants deny that the allegations of paragraph 130 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 130 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 130 relates to the Dismissed Claims, no response is required.

131.    The Defendants deny that the allegations of paragraph 131 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the

Court to the document quoted in paragraph 131 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 131 relates to the Dismissed Claims, no response is required.

132. To the extent that the allegations of paragraph 132 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny that the allegations of paragraph 132 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 132 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 132 relates to the Dismissed Claims, no response is required.

## VI. DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD

### A. Overview of Defendants' Fraudulent Conduct

133. Paragraph 133 sets forth the Plaintiff's description of its legal claims, to which no response is required. Similarly, to the extent that the allegations of paragraph 133 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 133. The Defendants further aver that, to the extent paragraph 133 relates to the Dismissed Claims, no response is required.

### B. Defendants' Materially False and Misleading Statements and Omissions

134. Paragraph 134 and footnote 66 set forth the Plaintiff's description of its legal claims, to which no response is required. Similarly, to the extent that the allegations of paragraph 134 and footnote 66 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 134 and footnote 66, and respectfully refer the Court to the documents referenced in paragraph 134 and

footnote 66 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 134 and footnote 66 relate to the Dismissed Claims, no response is required.

### 1.    February 18, 2021: FY 2020 Results and Filing of Form 20-F

135.    The Defendants deny that the allegations of paragraph 135 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Morzaria signed BPLC's Annual Report on Form 20-F for the year ended December 31, 2020. The Defendants further aver that, to the extent paragraph 135 relates to the Dismissed Claims, no response is required.

136.    The Defendants deny that the allegations of paragraph 136 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 136 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 136 relates to the Dismissed Claims, no response is required.

137.    The Defendants deny that the allegations of paragraph 137 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 137 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 137 relates to the Dismissed Claims, no response is required.

138.    The Defendants deny that the allegations of paragraph 138 present a fair and complete description of the matters described therein, deny such allegations to the extent that they

-43-

assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 138 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 138 relates to the Dismissed Claims, no response is required.

139.    The Defendants deny that the allegations of paragraph 139 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 139 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 139 relates to the Dismissed Claims, no response is required.

140.    The Defendants deny that the allegations of paragraph 140 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 140 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 140 relates to the Dismissed Claims, no response is required.

141.    The Defendants aver that footnote 67 within paragraph 142 states a legal conclusion to which no response is required or appropriate. The Defendants deny that the allegations of paragraph 141 and footnote 67 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Staley and Mr. Morzaria signed certifications attached as Exhibit 12.1 to BPLC's Annual Report on Form 20-F for the year ended December 31, 2020. The Defendants further respectfully refer the Court to the documents

referenced in paragraph 141 and footnote 67 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 141 and footnote 67 relate to the Dismissed Claims, no response is required.

142.    The Defendants aver that footnote 68 within paragraph 142 states a legal conclusion to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 142 and footnote 68 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Staley and Mr. Morzaria signed certifications attached as Exhibit 13.1 to BPLC's Annual Report on Form 20-F for the year ended December 31, 2020.  The Defendants further respectfully refer the Court to the document referenced in paragraph 142 and footnote 68 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 142 and footnote 68 relate to the Dismissed Claims, no response is required.

143.    To the extent that the allegations of paragraph 143 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 143, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 143 relates to the Dismissed Claims, no response is required.

### 2.    April 30, 2021: Q1 2021 Results and Filing of Form 6-K

144.    The Defendants deny the allegations of paragraph 144, except admit that, on April 30, 2021, BPLC announced the Barclays Group financial results for the quarter ended March 31, 2021 and filed a Form 6-K with the SEC regarding those results.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 144 for a complete and

accurate statement of their contents. The Defendants further aver that, to the extent paragraph 144 relates to the Dismissed Claims, no response is required.

145. To the extent that the allegations of paragraph 145 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 145, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 145 relates to the Dismissed Claims, no response is required.

### 3. July 28, 2021: Q2 2021 Results and Filing of Form 6-K

146. The Defendants deny the allegations of paragraph 146, except admit that, on July 28, 2021, BPLC and BBPLC separately issued Interim 2021 Financial Results for the six-month period ended June 30, 2021, and filed Form 6-Ks with the SEC regarding those results. The Defendants further respectfully refer the Court to the documents referenced in paragraph 146 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 146 relates to the Dismissed Claims, no response is required.

147. To the extent that the allegations of paragraph 147 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 147, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 147 relates to the Dismissed Claims, no response is required.

### 4. October 21, 2021: Q3 2021 Results and Filing of Form 6-K

148. The Defendants deny the allegations of paragraph 148, except admit that, on October 21, 2021, BPLC announced the Barclays Group financial results for the nine months ended September 30, 2021, and filed a Form 6-K with the SEC regarding those results. The Defendants further respectfully refer the Court to the documents referenced in paragraph 148 for

a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 148 relates to the Dismissed Claims, no response is required.

149.    To the extent that the allegations of paragraph 149 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 149, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 149 relates to the Dismissed Claims, no response is required.

### 5.    February 23, 2022: FY 2021 Results and Filing of Form 20-F

150.    The Defendants deny the allegations of paragraph 150, except admit that, on February 23, 2022, BPLC and BBPLC each filed an Annual Report on Form 20-F for the year ended December 31, 2021, and that Mr. Morzaria signed BPLC's Annual Report on Form 20-F. The Defendants further respectfully refer the Court to the documents referenced in paragraph 150 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 150 relates to the Dismissed Claims, no response is required.

151.    The Defendants deny that the allegations of paragraph 151 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 151 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 151 relates to the Dismissed Claims, no response is required.

152.    The Defendants deny that the allegations of paragraph 152 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 152 for a complete and accurate statement of its

contents.  The Defendants further aver that, to the extent paragraph 152 relates to the Dismissed Claims, no response is required.

153.    The Defendants deny that the allegations of paragraph 153 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 153 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 153 relates to the Dismissed Claims, no response is required.

154.    The Defendants aver that footnote 69 within paragraph 154 states a legal conclusion to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 154 and footnote 69 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Venkatakrishnan and Mr. Morzaria signed certifications that were attached as Exhibit 12.1 to BPLC's Annual Report on Form 20-F for the year ended December 31, 2021.  The Defendants further respectfully refer the Court to the document and regulation referenced in paragraph 154 and footnote 69 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 154 and footnote 69 relate to the Dismissed Claims, no response is required.

155.    The Defendants aver that footnote 70 within paragraph 155 states a legal conclusion to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 155 and footnote 70 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert

or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Venkatakrishnan and Mr. Morzaria signed certifications that were attached as Exhibit 13.1 to BPLC's Annual Report on Form 20-F for the year ended December 31, 2021.  The Defendants further respectfully refer the Court to the documents and law referenced in paragraph 155 and footnote 70 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 155 and footnote 70 relate to the Dismissed Claims, no response is required.

156.    To the extent that the allegations of paragraph 156 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 156, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 156 relates to the Dismissed Claims, no response is required.

      **6.**      **March 14, 2022: Announcement of Suspension of Sales and Issuance of Two Popular ETNs**

157.    The Defendants deny that the allegations of paragraph 157 and footnote 71 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 14, 2022, BBPLC announced the suspension of sales from inventory and any further issuances of the VXX and OIL ETNs.  The Defendants also incorporate their responses to paragraph 83 and respectfully refer the Court to the documents referenced in paragraph 157 and footnote 71 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 157 and footnote 71 relate to the Dismissed Claims, no response is required.

158.    The Defendants deny that the allegations of paragraph 158 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 14, 2022, Barclays reported the over-issuance to certain regulators, including the SEC, and respectfully refer the Court to the SEC Order referenced in paragraph 158 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 158 relates to the Dismissed Claims, no response is required.

159.    The Defendants deny that the allegations of paragraph 159 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 159 relates to the Dismissed Claims, no response is required.

### C.    The Truth Begins to Emerge, But Defendants Continue to Mislead the Market

#### 1.    March 28, 2022: Revelation of Over-Issuance on 2019 Shelf Registration Statement (First Disclosure)

160.    The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 160 were dismissed by the Court's February 23, 2023 Order, no response is required.  The Defendants further aver that footnote 72 within paragraph 160 states a legal conclusion to which no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 160 and footnote 72 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on March 28, 2022, BBPLC and BPLC each issued a press release and filed a Form 6-K with

the SEC regarding BBPLC's over-issuance of securities.  The Defendants further respectfully refer the Court to the document quoted in paragraph 160 for a complete and accurate statement of its contents.

161.    The Defendants deny the allegations contained in paragraph 161, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 161 relates to the Dismissed Claims, no response is required.

162.    The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 162 were dismissed by the Court's February 23, 2023 Order, no response is required.  Further, to the extent that the allegations in paragraph 162 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 162, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

163.    The Defendants deny that the allegations of paragraph 163 and footnote 73 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 163 and footnote 73 relate to the Dismissed Claims, no response is required.

164.    To the extent that the allegations of paragraph 164 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 164, except admit that BPLC and BBPLC each filed amendments to their Annual Reports on Form 20-F for the year ended December 31, 2021.  The Defendants further

respectfully refer the Court to the documents referenced in paragraph 164 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 164 relates to the Dismissed Claims, no response is required.

165.    The Defendants deny that the allegations of paragraph 165 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 165 relates to the Dismissed Claims, no response is required.

166.    The Defendants deny the allegations of paragraph 166. The Defendants further aver that, to the extent paragraph 166 relates to the Dismissed Claims, no response is required.

167.    The Defendants deny the allegations of paragraph 167, except admit that Mr. Venkatakrishnan served as Barclays Group Chief Risk Officer from 2016 to 2020. The Defendants respectfully refer the Court to the documents quoted in paragraph 167 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 167 relates to the Dismissed Claims, no response is required.

### 2.    April 28, 2022: Q1 2022 Results and Filing of Form 6-K

168.    The Defendants deny the allegations of paragraph 168, except admit that, on April 28, 2022, BPLC announced the Barclays Group financial results for the three months ended March 31, 2022 and filed a Form 6-K with the SEC regarding those results. The Defendants further respectfully refer the Court to the documents referenced in paragraph 168 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 168 relates to the Dismissed Claims, no response is required.

169.    The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 169 were dismissed by the Court's February 23, 2023 Order, no response is required.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 169 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 169 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 169 relates to the Dismissed Claims, no response is required.

170.    The Defendants deny that the allegations of paragraph 170 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 170 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 170 relates to the Dismissed Claims, no response is required.

171.    The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 171 were dismissed by the Court's February 23, 2023 Order, no response is required.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 171 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 171 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 171 relates to the Dismissed Claims, no response is required.

172.     The Defendants deny that the allegations of paragraph 172 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 172 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 172 relates to the Dismissed Claims, no response is required.

173.     The Defendants deny that the allegations of paragraph 173 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 173 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 173 relates to the Dismissed Claims, no response is required.

174.     The Defendants deny that the allegations of paragraph 174 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 174 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 174 relates to the Dismissed Claims, no response is required.

175.     The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 175 were dismissed by the Court's February 23, 2023 Order, no response is required.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 175 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable

conduct, and respectfully refer the Court to the document quoted in paragraph 175 for a complete and accurate statement of its contents.

176. The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 176 were dismissed by the Court's February 23, 2023 Order, no response is required. To the extent that the allegations in paragraph 176 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 176, and respectfully refer the Court to the documents referenced in paragraph 176 for a complete and accurate statement of their contents.

### 3.    May 4, 2022: Barclays Annual General Meeting

177. The Defendants deny that the allegations of paragraph 177 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC's 2022 Annual General Meeting was held on May 4, 2022, and that Mr. Higgins made published remarks at BPLC's 2022 Annual General Meeting. The Defendants further respectfully refer the Court to the document quoted in paragraph 177 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 177 relates to the Dismissed Claims, no response is required.

178. The Defendants deny that the allegations of paragraph 178 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC's 2022 Annual General Meeting was held on May 4, 2022, and that Mr. Venkatakrishnan made published remarks at BPLC's 2022 Annual General Meeting. The Defendants further respectfully refer the Court to the document quoted in paragraph 178 for a complete and accurate

statement of its contents. The Defendants further aver that, to the extent paragraph 178 relates to the Dismissed Claims, no response is required.

179. To the extent that the allegations of paragraph 179 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 179, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 179 relates to the Dismissed Claims, no response is required.

### 4. May 16, 2022: Barclays Announces The Need to Restate Its 2021 Financial Statements

180. The Defendants deny that the allegations of paragraph 180 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on May 16, 2022, BPLC issued a press release stating that its Board of Directors determined on May 13, 2022 that BPLC would restate the financial statements included in its Annual Report on Form 20-F for the year ended December 31, 2021. The Defendants further respectfully refer the Court to the document quoted in paragraph 180 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 180 relates to the Dismissed Claims, no response is required.

181. The Defendants deny that the allegations of paragraph 181 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on May 16, 2022, BPLC filed a copy of a May 16, 2022 press release with the SEC on Form 6-K. The Defendants further respectfully refer the Court to the document quoted in paragraph 181 for a

complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 181 relates to the Dismissed Claims, no response is required.

**5.      May 23, 2022: Barclays Files Amended Form 20-F Restating 2021 Financial Results**

182.    The Defendants deny that the allegations of paragraph 182 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that on May 23, 2022, BPLC and BBPLC each filed amendments to their Annual Reports on Form 20-F for the year ended December 31, 2021.  The Defendants further respectfully refer the Court to the document quoted in paragraph 182 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 182 relates to the Dismissed Claims, no response is required.

183.    The Defendants deny that the allegations of paragraph 183 and footnotes 74 and 75 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 183 and footnotes 74 and 75 relate to the Dismissed Claims, no response is required.

184.    The Defendants deny that the allegations of paragraph 184 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that (i) Ms. Cross signed BPLC's Amended Annual Report on Form 20-F/A for the year ended December 31, 2021, and (ii) Ms. Cross succeeded Mr. Morzaria as Group Finance Director on April 22, 2022.  The Defendants further respectfully refer the Court to the document quoted therein

for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 184 relates to the Dismissed Claims, no response is required.

185. The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 185 were dismissed by the Court's February 23, 2023 Order, no response is required. To the extent that a response is required, the Defendants deny the allegations of paragraph 185, and the Defendants respectfully refer the Court to the documents referenced in paragraph 185 for a complete and accurate statement of their contents.

### 6.     July 25, 2022: Details of Rescission Offer Announced

186. The Defendants deny that the allegations of paragraph 186 and footnote 76 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that (i) on July 25, 2022, BPLC and BBPLC separately issued press releases that were filed with the SEC on Form 6-K announcing that BBPLC expected to commence a rescission offer on August 1, 2022, and (ii) on August 1, 2022, BBPLC filed a prospectus supplement on Form 424B5 to the prospectus dated May 23, 2022 to commence the rescission offer. The Defendants further respectfully refer the Court to the documents quoted in paragraph 186 and footnote 76 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 186 and footnote 76 relate to the Dismissed Claims, no response is required.

### 7.     July 28, 2022: Q2 2022 Results and Revelation of Additional Over-Issuance (Second Disclosure)

187. The Defendants deny that the allegations of paragraph 187 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on July 28, 2022, BPLC and BBPLC separately issued interim financial results for the six-month

period ended June 30, 2022 and made related SEC filings on Form 6-K. The Defendants further respectfully refer the Court to the documents referenced in paragraph 187 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 187 relates to the Dismissed Claims, no response is required.

188. The Defendants deny that the allegations of paragraph 188 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 188 relates to the Dismissed Claims, no response is required.

189. The Defendants deny that the allegations of paragraph 189 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 189 relates to the Dismissed Claims, no response is required.

190. The Defendants aver that paragraph 190 relates to the Dismissed Claims to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in paragraph 190, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.

191. The Defendants deny that the allegations of paragraph 191 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the

Court to the documents quoted and referenced therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 191 relates to the Dismissed Claims, no response is required.

### 8.   October 26, 2022: Q3 2022 Results and Filing of Form 6-K

192.   The Defendants deny that the allegations of paragraph 192 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on October 26, 2022, BPLC and BBPLC separately issued their interim financial results for the period ended September 30, 2022 and made related SEC filings on Form 6-K. The Defendants further respectfully refer the Court to the documents referenced in paragraph 192 for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 192 relates to the Dismissed Claims, no response is required.

193.   The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 193 were dismissed by the Court's February 23, 2023 Order, no response is required. To the extent that a response is required, the Defendants deny that the allegations of paragraph 193 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted and referenced therein for a complete and accurate statement of its contents.

194.   The Defendants aver that, because the Plaintiff's claims regarding the statements challenged in paragraph 194 were dismissed by the Court's February 23, 2023 Order, no response is required. To the extent that a response is required, the Defendants deny the allegations of paragraph 194, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

## VII.    THE FULL TRUTH IS REVEALED AS BARCLAYS DISCLOSES COMPENSATION CLAWBACKS FOR RESPONSIBLE EXECUTIVES

### A.    February 15, 2023: Revelation that FY 2022 Results and Defendant Compensation Was Impacted by Defendants' Fraud (Final Disclosure)

195.    The Defendants deny that the allegations of paragraph 195 and footnote 77 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.  The Defendants also deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 195 regarding unidentified "analyst protections" and unidentified "analysts' expectations," and therefore deny them.  The Defendants further aver that, to the extent paragraph 195 relates to the Dismissed Claims, no response is required.

196.    The Defendants deny that the allegations of paragraph 196 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 196 relates to the Dismissed Claims, no response is required.

197.    The Defendants deny that the allegations of paragraph 197 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 197 relates to the Dismissed Claims, no response is required.

198.    The Defendants deny that the allegations of paragraph 198 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on February 15, 2023, BPLC and BBPLC separately filed their Annual Reports on Form 20-F for the year-ended December 31, 2022. The Defendants further respectfully refer the Court to the document quoted in paragraph 198 for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 198 relates to the Dismissed Claims, no response is required.

199.    The Defendants deny the allegations of paragraph 199, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 199 relates to the Dismissed Claims, no response is required.

200.    The Defendants deny that the allegations of paragraph 200 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 200 relates to the Dismissed Claims, no response is required.

201.    The Defendants deny that the allegations of paragraph 201 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents. The

Defendants further aver that, to the extent paragraph 201 relates to the Dismissed Claims, no response is required.

202.    The Defendants aver that paragraph 202 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in paragraph 202, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.

203.    The Defendants aver that paragraph 203 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 203 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.

204.    The Defendants deny that the allegations of paragraph 204 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 204 relates to the Dismissed Claims, no response is required.

205.    The Defendants deny that the allegations of paragraph 205 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents.

The Defendants further aver that, to the extent paragraph 205 relates to the Dismissed Claims, no response is required.

## VIII.   ADDITIONAL ALLEGATIONS OF SCIENTER

206.    To the extent that the allegations of paragraph 206 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 206.  The Defendants further aver that, to the extent paragraph 206 relates to the Dismissed Claims, no response is required.

207.    To the extent that the allegations of paragraph 207 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 207.  The Defendants further aver that, to the extent paragraph 207 relates to the Dismissed Claims, no response is required.

208.    The Defendants deny the allegations of paragraph 208, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents. The Defendants further aver that, to the extent paragraph 208 relates to the Dismissed Claims, no response is required.

209.    To the extent that the allegations of paragraph 209 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 209.  The Defendants further aver that, to the extent paragraph 209 relates to the Dismissed Claims, no response is required.

210.    To the extent that the allegations of paragraph 210 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 210.  The Defendants further aver that, to the extent paragraph 210 relates to the Dismissed Claims, no response is required.

211.     To the extent that the allegations of paragraph 211 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 211.  The Defendants further aver that, to the extent paragraph 211 relates to the Dismissed Claims, no response is required.

212.     To the extent that the allegations of paragraph 212 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 212, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 212 relates to the Dismissed Claims, no response is required.

A.     **Barclays Admits that Maintaining Effective Internal Controls Over Financial Reporting, even as an Illegible Issuer, Is "Not Rocket Science"**

213.     The Defendants deny the allegations of paragraph 213, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 213 relates to the Dismissed Claims, no response is required.

214.     The Defendants deny that the allegations of paragraph 214 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC's 2022 Annual General Meeting was held on May 4, 2022, and that Mr. Higgins made published remarks at BPLC's 2022 Annual General Meeting.  The Defendants further respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 214 relates to the Dismissed Claims, no response is required.

215.   The Defendants deny that the allegations of paragraph 215 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC's 2022 Annual General Meeting was held on May 4, 2022, and that Mr. Venkatakrishnan made published remarks at BPLC's 2022 Annual General Meeting.   The Defendants further respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.   The Defendants further aver that, to the extent paragraph 215 relates to the Dismissed Claims, no response is required.

216.   To the extent that the allegations of paragraph 216 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 216, and respectfully refer the Court to the documents quoted therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 216 relates to the Dismissed Claims, no response is required.

**B.   Issuing Securities Is a Core Operation for Barclays and Maintaining WKSI Status Was Critical to that Core Operation**

217.   The Defendants deny that the allegations of paragraph 217 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 217 relates to the Dismissed Claims, no response is required.

218.   The Defendants deny that the allegations of paragraph 218 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the

Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 218 relates to the Dismissed Claims, no response is required.

219.    The Defendants deny the allegations of paragraph 219, except admit that BPLC and BBPLC became ineligible issuers in May 2017.  The Defendants further aver that, to the extent paragraph 219 relates to the Dismissed Claims, no response is required.

220.    To the extent that the allegations of paragraph 220 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 220.  The Defendants further aver that, to the extent paragraph 220 relates to the Dismissed Claims, no response is required.

C.    **Barclays' Board Claws Back Compensation from Certain Individual Defendants As a Direct Consequence of the Over-Issuance**

221.    The Defendants deny that the allegations of paragraph 221 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 221 relates to the Dismissed Claims, no response is required.

222.    The Defendants deny that the allegations of paragraph 222 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 222 relates to the Dismissed Claims, no response is required.

223.    The Defendants deny that the allegations of paragraph 223 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 223 relates to the Dismissed Claims, no response is required.

224.    To the extent that the allegations of paragraph 224 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 224.  The Defendants further aver that, to the extent paragraph 224 relates to the Dismissed Claims, no response is required.

**D.    Throughout Its Three-Year Term as an Ineligible Issuer, Barclays Self-Identified on its Forms 20-F as Not Being a WKSI**

225.    To the extent that the allegations of paragraph 225 consist of legal conclusions, no response is required or appropriate.  The Defendants deny that the allegations of paragraph 225 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and BBPLC:  (i) separately indicated that they were well-known seasoned issuers in their Annual Reports on Form 20-F for the year ended December 31, 2017, which were filed on February 22, 2018; and (ii) subsequently indicated that they were not well-known seasoned issuers in their Amended Annual Reports on Form 20-F/A for the year ended December 31, 2017, which were filed on March 19, 2018.  The Defendants further respectfully refer the Court to the documents quoted in paragraph 225 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 225 relates to the Dismissed Claims, no response is required.

226.    To the extent that the allegations of paragraph 226 consist of legal conclusions, no response is required or appropriate.  The Defendants deny that the allegations of paragraph 226 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and BBPLC separately indicated that they were not well-known seasoned issuers in their Annual Reports on Form 20-F for the years ended December 31, 2018 and December 31, 2019.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 226 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 226 relates to the Dismissed Claims, no response is required.

227.    To the extent that the allegations of paragraph 227 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 227 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that BPLC and BBPLC separately indicated that they were well-known seasoned issuers in their Annual Reports on Form 20-F for the year ended December 31, 2020, which were filed on February 18, 2021.  The Defendants further respectfully refer the Court to the documents referenced in paragraph 227 for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 227 relates to the Dismissed Claims, no response is required.

228.    To the extent that the allegations of paragraph 228 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny

the allegations of paragraph 228.  The Defendants further aver that, to the extent paragraph 228 relates to the Dismissed Claims, no response is required.

> **E.      Barclays' Share of Structured Note Market Artificially Propped Up by Sale and Issuance of Unregistered Securities**

229.    The Defendants deny that the allegations of paragraph 229 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 229 relates to the Dismissed Claims, no response is required.

230.    The Defendants deny that the allegations of paragraph 230 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on April 22, 2022, BBPLC issued a press release entitled, "Barclays Suspends Until Further Notice Further Sales of the iPath® Series B Bloomberg Natural Gas Subindex Total Return$^{SM}$ ETNs (the 'ETNs')."  The Defendants further respectfully refer the Court to the press release quoted in paragraph 230 for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 230 relates to the Dismissed Claims, no response is required.

231.    The Defendants deny that the allegations of paragraph 231 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that, on April 22, 2022, BBPLC issued a press release entitled, "Barclays Suspends Until Further Notice Further Sales of iPath® ETNs (the 'ETNs')."  The Defendants further respectfully refer the Court to the documents quoted in paragraph 231 for a complete and accurate statement of their contents.

The Defendants further aver that, to the extent paragraph 231 relates to the Dismissed Claims, no response is required.

232.    The Defendants deny that the allegations of paragraph 232 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents. The Defendants further aver that, to the extent paragraph 232 relates to the Dismissed Claims, no response is required.

233.    The Defendants deny that the allegations of paragraph 233 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.  The Defendants further aver that, to the extent paragraph 233 relates to the Dismissed Claims, no response is required.

234.    The Defendants deny the allegations of paragraph 234.  The Defendants further aver that, to the extent paragraph 234 relates to the Dismissed Claims, no response is required.

235.    To the extent that the allegations of paragraph 235 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 235.  The Defendants further aver that, to the extent paragraph 235 relates to the Dismissed Claims, no response is required.

IX.    **LOSS CAUSATION/ECONOMIC LOSS**

236.    To the extent that the allegations of paragraph 236 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 236, and respectfully refer the Court to the documents referenced

therein for a complete and accurate statement of their contents.  The Defendants further aver that, to the extent paragraph 236 relates to the Dismissed Claims, no response is required.

237.   The Defendants deny the allegations of paragraph 237.  The Defendants further aver that, to the extent paragraph 237 relates to the Dismissed Claims, no response is required.

238.   The Defendants deny the allegations of paragraph 238.  The Defendants further aver that, to the extent paragraph 238 relates to the Dismissed Claims, no response is required.

### A.   March 28, 2022 – First Partial Revelation of the Truth

239.   The Defendants deny the allegations of paragraph 239.  The Defendants further aver that, to the extent paragraph 239 relates to the Dismissed Claims, no response is required.

240.   The Defendants deny the allegations of paragraph 240, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.   The Defendants further aver that, to the extent paragraph 240 relates to the Dismissed Claims, no response is required.

### B.   July 28, 2022 – Second Partial Revelation of the Truth

241.   The Defendants aver that paragraph 241 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny the allegations of paragraph 241, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

242.   The Defendants aver that paragraph 242 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny the allegations of paragraph 242, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.

243.   The Defendants deny the allegations of paragraph 243.  The Defendants further aver that, to the extent paragraph 243 relates to the Dismissed Claims, no response is required.

C.      February 15, 2023 – Final Revelation of the Truth

244.    The Defendants aver that paragraph 244 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 244 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 244 for a complete and accurate statement of their contents.

245.    The Defendants aver that paragraph 245 relates to the Dismissed Claims to which no response is required.  To the extent that a response is required, the Defendants deny the allegations of paragraph 245, and respectfully refer the Court to the publicly available records of the prices of BPLC ADRs for a complete and accurate statement of their contents.

X.      CONTROL PERSON ALLEGATIONS

246.    To the extent that the allegations of paragraph 246 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 246.  The Defendants further aver that, to the extent paragraph 246 relates to the Dismissed Claims, no response is required.

247.    To the extent that the allegations of paragraph 247 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 247.  The Defendants further aver that, to the extent paragraph 247 relates to the Dismissed Claims, no response is required.

248.    The Defendants deny the allegations of paragraph 248.  The Defendants further aver that, to the extent paragraph 248 relates to the Dismissed Claims, no response is required.

249.    To the extent that the allegations of paragraph 249 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny

the allegations of paragraph 249.  The Defendants further aver that, to the extent paragraph 249 relates to the Dismissed Claims, no response is required.

250.    To the extent that the allegations of paragraph 250 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 250.  The Defendants further aver that, to the extent paragraph 250 relates to the Dismissed Claims, no response is required.

251.    The Defendants aver that paragraph 251 relates to the Dismissed Claims to which no response is required.  Further, to the extent that the allegations of paragraph 251 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 251 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct.

252.    The Defendants aver that paragraph 252 relates to the Dismissed Claims to which no response is required.  Further, to the extent that the allegations of paragraph 252 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 252 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Higgins has served as Barclays' Group Chairman since May 2019.

## XI.    APPLICABILITY OF THE PRESUMPTION OF RELIANCE: *AFFILIATED UTE* AND FRAUD-ON-THE-MARKET PRESUMPTIONS

253.    To the extent that the allegations of paragraph 253 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny

the allegations of paragraph 253. The Defendants further aver that, to the extent paragraph 253 relates to the Dismissed Claims, no response is required.

254. To the extent that the allegations of paragraph 254 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 254, and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 254(e) concerning the knowledge of Plaintiff and unidentified putative class members, and therefore deny them. The Defendants further aver that, to the extent paragraph 254 relates to the Dismissed Claims, no response is required.

255. To the extent that the allegations of paragraph 255 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 255, except admit that BPLC ADRs are listed on the NYSE. The Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255(e) concerning the conduct of third-party brokerage firms, and therefore deny them. The Defendants further aver that, to the extent paragraph 255 relates to the Dismissed Claims, no response is required.

256. To the extent that the allegations of paragraph 256 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 256. The Defendants further aver that, to the extent paragraph 256 relates to the Dismissed Claims, no response is required.

## XII.    NO SAFE HARBOR

257. To the extent that the allegations of paragraph 257 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny

the allegations of paragraph 257. The Defendants further aver that, to the extent paragraph 257 relates to the Dismissed Claims, no response is required.

258. To the extent that the allegations of paragraph 258 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 258. The Defendants further aver that, to the extent paragraph 258 relates to the Dismissed Claims, no response is required.

259. To the extent that the allegations of paragraph 259 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 259. The Defendants further aver that, to the extent paragraph 259 relates to the Dismissed Claims, no response is required.

260. To the extent that the allegations of paragraph 260 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 260. The Defendants further aver that, to the extent paragraph 260 relates to the Dismissed Claims, no response is required.

## XIII. CLASS ACTION ALLEGATIONS

261. The Defendants deny the allegations of paragraph 261, except admit that Plaintiff purports to bring the action described in paragraph 261. The Defendants further aver that, to the extent paragraph 261 relates to the Dismissed Claims, no response is required.

262. To the extent that the allegations of paragraph 262 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 262. The Defendants further aver that, to the extent paragraph 262 relates to the Dismissed Claims, no response is required.

263. To the extent that the allegations of paragraph 263 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny

the allegations of paragraph 263. The Defendants further aver that, to the extent paragraph 263 relates to the Dismissed Claims, no response is required.

264. To the extent that the allegations of paragraph 264 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 264. The Defendants further aver that, to the extent paragraph 264 relates to the Dismissed Claims, no response is required.

265. To the extent that the allegations of paragraph 265 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 265, and therefore deny them. The Defendants further aver that, to the extent paragraph 265 relates to the Dismissed Claims, no response is required.

266. To the extent that the allegations of paragraph 266 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 266. The Defendants further aver that, to the extent paragraph 266 relates to the Dismissed Claims, no response is required.

## XIV.  COUNTS

### COUNT I
### Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder
### Against the Individual Defendants and BPLC

267. The Defendants repeat and reassert their responses to paragraphs 1-266 and footnotes contained therein as if fully set forth here.

268. To the extent that the allegations of paragraph 268 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 268, except admit that Plaintiff purports to assert the claim described

in paragraph 268. The Defendants further aver that, to the extent paragraph 268 relates to the Dismissed Claims, no response is required.

269. To the extent that the allegations of paragraph 269 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 269. The Defendants further aver that, to the extent paragraph 269 relates to the Dismissed Claims, no response is required.

270. To the extent that the allegations of paragraph 270 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 270. The Defendants further aver that, to the extent paragraph 270 relates to the Dismissed Claims, no response is required.

271. To the extent that the allegations of paragraph 271 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 271. The Defendants further aver that, to the extent paragraph 271 relates to the Dismissed Claims, no response is required.

272. To the extent that the allegations of paragraph 272 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 272. The Defendants further aver that, to the extent paragraph 272 relates to the Dismissed Claims, no response is required.

273. To the extent that the allegations of paragraph 273 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Defendants deny the allegations of paragraph 273. The Defendants further aver that, to the extent paragraph 273 relates to the Dismissed Claims, no response is required.

274.    To the extent that the allegations of paragraph 274 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 274.  The Defendants further aver that, to the extent paragraph 274 relates to the Dismissed Claims, no response is required.

275.    The Defendants deny the allegations of paragraph 275.  The Defendants further aver that, to the extent paragraph 275 relates to the Dismissed Claims, no response is required.

**COUNT II**
**Violation of § 20(a) of the Exchange Act**
**Against the Individual Defendants and the Section 20(a) Defendants**

276.    The Defendants repeat and reassert their responses to paragraphs 1-275 and the footnotes contained therein as if fully set forth here.

277.    To the extent that the allegations of paragraph 277 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 277, except admit that Plaintiff purports to assert the claim described in paragraph 277.  The Defendants further aver that, to the extent paragraph 277 relates to the Dismissed Claims, no response is required.

278.    To the extent that the allegations of paragraph 278 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 278.  The Defendants further aver that, to the extent paragraph 278 relates to the Dismissed Claims, no response is required.

279.    To the extent that the allegations of paragraph 279 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 279.  The Defendants further aver that, to the extent paragraph 279 relates to the Dismissed Claims, no response is required.

280.    To the extent that the allegations of paragraph 280 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 280.  The Defendants further aver that, to the extent paragraph 280 relates to the Dismissed Claims, no response is required.

281.    To the extent that the allegations of paragraph 281 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 281.  The Defendants further aver that, to the extent paragraph 281 relates to the Dismissed Claims, no response is required.

282.    The Defendants aver that paragraph 282 relates to the Dismissed Claims to which no response is required.  Further, to the extent that the allegations of paragraph 282 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 282.

283.    The Defendants aver that paragraph 283 relates to the Dismissed Claims to which no response is required.  Further, to the extent that the allegations of paragraph 283 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny that the allegations of paragraph 283 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that the Defendants engaged in any actionable conduct, except admit that Mr. Higgins has served as Barclays' Group Chairman since May 2019.

284.    To the extent that the allegations of paragraph 284 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Defendants deny the allegations of paragraph 284.  The Defendants further aver that, to the extent paragraph 284 relates to the Dismissed Claims, no response is required.

## XV.   PRAYER FOR RELIEF

285.   The Defendants aver that paragraph 285, entitled "Prayer for Relief" states the Plaintiff's requests for relief, and therefore no response is required.  To the extent that a response is required, the Defendants deny Plaintiff's allegations in paragraph 285 and deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## XVI.   JURY TRIAL DEMANDED

The Defendants aver that the paragraph entitled "Jury Demand" states the Plaintiff's demand for a trial by jury, and therefore no response is required or appropriate, but Defendants reserve all rights with respect to that demand to the extent that a response is required.

The Defendants deny all of the allegations of the AC not specifically admitted above.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

The Defendants state the following defenses and reserve their rights to assert other and additional defenses of which they may become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon the Plaintiff.

**FIRST DEFENSE**

By its February 23, 2024 Opinion & Order on the Defendants' Motion to Dismiss, the Court dismissed the Plaintiff's claims (i) based on any and all alleged misstatements or omissions allegedly made after March 27, 2022, and (ii) for control person liability asserted against BBPLC and Mr. Higgins.

## SECOND DEFENSE

The Plaintiff has failed to state a claim for which relief can be granted against the Defendants.  As noted above, many of the claims asserted in the AC were dismissed for failure to state a claim by the Court's Opinion & Order dated February 23, 2024.

## THIRD DEFENSE

The AC fails to allege fraud with the requisite particularity.  The AC fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

## FOURTH DEFENSE

The AC fails to plead that the alleged misstatements at issue were materially false or misleading, and neither the Plaintiff nor the putative class can prove that the alleged misstatements at issue were materially false or misleading.

## FIFTH DEFENSE

The alleged misstatements still at issue in this Action were not material.  The AC fails to plead that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor, and neither the Plaintiff nor the putative class can prove that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor.

## SIXTH DEFENSE

The AC fails to plead that the Defendants owed or breached any duty to the Plaintiff or the putative class to disclose information allegedly omitted from the statements at issue, and neither the Plaintiff nor the putative class can prove that the Defendants owed or breached any

duty to the Plaintiff or the putative class to disclose information allegedly omitted from the statements at issue.

## SEVENTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because the Defendants acted with reasonable care. After reasonable and diligent investigation, the Defendants had reasonable grounds to believe, and did believe, the alleged misstatements at issue in this Action were true and omitted no material fact necessary to make those statements not misleading.

## EIGHTH DEFENSE

The Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by the Plaintiff or members of the putative class.

## NINTH DEFENSE

The claims of the Plaintiff and members of the putative class that are predicated on statements of opinion or belief fail because the Plaintiff cannot prove that those non-actionable statements were objectively false when made and that any such statement misrepresented the speaker's subjective opinion or belief.

## TENTH DEFENSE

The Plaintiff lacks standing to assert its claims or claims on behalf of the putative class.

## ELEVENTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because any loss or diminution in value of the securities, or any alleged damages or

injuries suffered by the Plaintiff and members of the putative class, are not the result of any alleged misrepresentations or omissions.

## TWELFTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

## THIRTEENTH DEFENSE

The AC fails to plead loss causation, and neither the Plaintiff nor the putative class can prove loss causation. Any damages or injuries allegedly suffered by the Plaintiff and members of the putative class were not legally caused by any act or omission by the Defendants.

## FOURTEENTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because there is no causal relationship between the alleged misstatements or omissions and the purchases of BPLC's ADRs, and the purchases were not effected by means of the alleged misstatements or omissions.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred to the extent they seek to impose upon the Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws.

## SIXTEENTH DEFENSE

The Plaintiff's claims are barred to the extent that they rest on allegations of breach of fiduciary duty or mismanagement that are not actionable under the federal securities laws.

## SEVENTEENTH DEFENSE

The Defendants acted at all times in good faith and without scienter, and they neither knew nor were reckless in not knowing that any alleged misstatements at issue in this Action were false or misleading.

## EIGHTEENTH DEFENSE

Plaintiff fails to plead scienter with the requisite particularity.

## NINETEENTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because the Plaintiff and members of the putative class knew or should have known of any alleged untruths or omissions at the time they acquired the securities in question. Their own negligence, actions, omissions, or other fault proximately contributed to the injuries allegedly suffered by them, and bars any recovery to the extent thereof.

## TWENTIETH DEFENSE

If and to the extent the statements at issue are found to have been false or misleading (which the Defendants deny), the actual facts alleged to have been misstated or omitted were in fact known to or entered the securities market through credible sources. The Plaintiff and the putative class are not entitled to any recovery because the substance of the allegedly material information that was allegedly misstated or omitted was in fact publicly available and/or widely known to the market and the investing community.

## TWENTY-FIRST DEFENSE

The Plaintiff and the putative class did not reasonably or justifiably rely on any allegedly false or misleading statement of material fact and/or any alleged omissions of material fact when they purchased Barclays' ADRs, and the "fraud-on-the-market" presumption of reliance

is unavailable in this action.  Without limiting the generality of the foregoing, the "fraud-on-the-market" presumption of reliance is unavailable in this Action because, among other reasons, any allegedly false or misleading statement of material fact and/or any alleged omissions of material fact had no impact on the price of Barclays' ADRs.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff purchased the securities at issue with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their securities would decline if those risks materialized, and any alleged losses were caused by those risks coming to fruition.

### TWENTY-THIRD DEFENSE

This Action should not be certified as a class action because the class as alleged by the Plaintiff does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-FOURTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because the Defendants did not make alleged misstatements.  To the extent that any injury or damages were incurred as alleged in the AC, which is denied, any such injury or damages were caused and brought about by the acts, conduct or omission of individuals and/or entities other than the Defendants.  The Plaintiff's claims are barred, in whole or in part, because of the contribution of or the comparative fault of individuals and/or entities over whom the Defendants had no control.

### TWENTY-FIFTH DEFENSE

On information and belief, the Plaintiff, or one or more of the members of the putative class, failed to take action that was reasonable or necessary under the circumstances to

avoid or reduce their alleged damages, if any, and the claims of the Plaintiff and members of the putative class are barred to the extent of such failure to mitigate.

## TWENTY-SIXTH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because the Plaintiff and members of the putative class would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

## TWENTY-SEVENTH DEFENSE

The Plaintiff's claims are barred because they seek recoveries not available under the federal securities laws.

## TWENTY-EIGHTH DEFENSE

The Plaintiff's claims are barred under the doctrines of acquiescence, estoppel, waiver, ratification, laches, and other related doctrines and principles.

## TWENTY-NINTH DEFENSE

The Individual Defendants are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and/or they did not directly or indirectly induce, or culpably participate in, any of the alleged acts that supposedly violated the Exchange Act.

## THIRTIETH DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to them.

### THIRTY-FIRST DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because to the extent that primary violations fail, the "control person" claims also fail.

### THIRTY-SECOND DEFENSE

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because the Defendants had no reasonable ground to believe and did not believe, at the time of any alleged untrue statement of material fact, that the statement was untrue, or that there was an omission to state a material fact necessary to make the statement not misleading.

### THIRTY-THIRD DEFENSE

The Plaintiff's claims and the allegations upon which they are based are improperly vague, ambiguous and confusing. The Defendants reserve the right to request a more definite statement.

### THIRTY-FOURTH DEFENSE

The Plaintiff and putative class members are not entitled to attorney's fees or expert fees as a matter of law.

### THIRTY-FIFTH DEFENSE

At this time, the AC does not describe the claims made against the Defendants with sufficient particularity to allow the Defendants to determine all their defenses, and the Defendants therefore lack sufficient knowledge to form a belief as to the existence and availability of additional affirmative defenses. The Defendants reserve their rights to assert additional affirmative defenses, cross-claims, and third-party claims as they discover them through discovery or other investigation. The Defendants hereby give notice that they intend to rely upon such other and further defenses. In all instances, the Defendants reserve the right to amend and/or supplement

any and all defenses set forth herein.  The Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this Action.

### PRAYER FOR RELIEF

Based upon the foregoing, the Defendants respectfully request that the Court (i) enter judgment in favor of the Defendants and dismiss all claims asserted in this Action in their entirety, with prejudice and without further leave to amend, (ii) award the Defendants the costs, disbursements, and attorneys' fees incurred by them in defending this Action, to the extent authorized by law, and (iii) award the Defendants such other further relief as may be appropriate or that the Court may deem just and proper.

Dated: April 15, 2024
　　　New York, New York

Respectfully Submitted,

/s/ *Jeffrey T. Scott*
Jeffrey T. Scott
Matthew J. Porpora
Julia A. Malkina
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Answer has been served by electronic CM/ECF filing, which will send notification of such filing to all counsel of record, on this 15th day of April 2024.

Respectfully Submitted,

/s/ *Jeffrey T. Scott*
Jeffrey T. Scott
Sullivan & Cromwell LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorney for Defendants*
