UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BARCLAYS PLC<br>SECURITIES LITIGATION | Case No. 1:22-cv-08172-KPF |

**STIPULATION AND PROTECTIVE ORDER**

KATHERINE POLK FAILLA, U.S.D.J.:

Plaintiff Boston Retirement System and Defendants Barclays PLC, James E. Staley, Tushar Morzaria, C.S. Venkatakrishnan, and Anna Cross (together, the "Parties" or individually a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person or entity ("Person") subject to this order (the "Order")—including without limitation the Parties to this action, their representatives, agents, experts, and consultants, all non-parties providing discovery in this action, and all other interested Persons with actual or constructive notice of the Order—shall adhere to the following terms:

1. All information of any kind provided in the course of discovery in this action, including without limitation documents, written discovery responses, and deposition testimony, shall hereinafter be referred to as "Discovery Material." Any Person subject to this Order who receives from any other Person any Discovery Material shall not disclose said Discovery Material to anyone else except as expressly permitted hereunder.

2. All Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future.

3. The Person producing Discovery Material may designate as "Confidential Discovery Material" material that consists of:

    (a) financial information not previously disclosed to the public (including without limitation profit and loss reports or estimates, account statements, trading positions, transactional data, liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

    (b) material not previously disclosed to the public relating to ownership or control of any non-public company;

    (c) business plans, trading strategies, or marketing materials not previously disclosed to the public;

    (d) proprietary business information or communications, or other confidential research development, or commercial information or communications;

    (e) information obtained from personnel-related files or records;

    (f) any information of a personal or intimate nature regarding any individual;

    (g) information for which applicable law—foreign or domestic—requires confidential treatment;

    (h) extracts or summaries of information described in subparagraphs 2(a)-(g); or

    (i) any other category of information hereinafter given confidential status by the Court.

4. The Person producing Discovery Material may designate as "Highly Confidential Discovery Material" such material where: (a) the producing Person reasonably and in good faith believes that disclosure of the Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial, or personal harm to any Person, or to improper market manipulation; or (b) where such Discovery Material includes information for which applicable law—foreign or domestic—requires confidential treatment, trade secrets within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and/or undisclosed financial information of a third party.

5. With respect to Confidential or Highly Confidential Discovery Material other than deposition transcripts and exhibits, the producing Person or that Person's counsel may designate such Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the Discovery Material in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition or within thirty (30) days of receipt of the final transcript. Until such time period expires without designation having been made, the entire deposition transcript and exhibits shall be treated as Highly Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the producing Person or that Person's counsel. If the producing Person or that Person's counsel designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential or Highly Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

6. Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential Discovery Material shall:

(a) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential or Highly Confidential Discovery Material, and (b) deliver any transcript containing Confidential or Highly Confidential Discovery Material only to counsel, the witness, or the Court (filed under seal unless otherwise directed by the Person that designated such material as Confidential or Highly Confidential). A Party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order.

7. During a deposition, only Persons to whom disclosure of Confidential or Highly Confidential Discovery Material is permitted under, respectively, Paragraphs 10 or 11 of this Order shall remain present while Confidential or Highly Confidential Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential Discovery Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a Person not authorized under, respectively, Paragraph 10 or 11 of this Order is present.

8. If at any time prior to the trial of this action, a Party—other than the Person who produced and originally designated such material—believes that some portion(s) of Discovery material were previously produced without a proper designation (including that the Discovery Material should have been produced with a less restrictive designation), that Party may notify all Parties and the producing Person in writing. If the Party seeking a new designation believes that the Discovery Material should have been produced with a more restrictive designation, such designated portion(s) of the Discovery Material will thereafter be treated as subject to the more restrictive designation (Confidential or Highly Confidential) under the terms of this Order until any dispute about the proper designation is resolved. In addition, the producing Person and the Party seeking a new designation will consult and attempt to agree upon the proper designation. If

they are unable to resolve any dispute about the proper designation of such Discovery Material, the Parties shall seek a ruling from the Court using the procedures set forth in Paragraph 9 of the Civil Case Management Plan and Scheduling Order (ECF No. 74). When a dispute regarding the designation of Discovery Material is resolved, the producing Person shall provide to each other Party replacement versions of such Discovery Material that bears the new designation within ten (10) days of any agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9. If at any time prior to the trial of this action, a producing Person realizes that some portion(s) of Discovery Material it previously produced was not properly designated (including being subject to a less restrictive designation), it may so designate by notifying all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated pursuant to the replacement designation. In addition, the producing Person shall provide all Parties with replacement versions of such Discovery Material that bear the replacement designation within ten (10) days of providing such notice, or, in case of voluminous material or other exceptional circumstances, as soon as is practicable.

10. Other than the producing Person, no Person subject to this Order (including any witness to whom Discovery Material marked "Confidential" has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize, or otherwise communicate or make available any of the Confidential Discovery Material to any other Person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following Persons and only to the extent reasonably necessary to prosecute or defend this action:

(a) the Parties to this action, including a director, officer, employee, trustee, or agent of a Party charged with the responsibility for making business decisions dealing directly with the resolution of this action, and with respect to Discovery Material designated as Confidential that was produced by non-Party, also to such non-Party;

(b) the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter;

(c) as to any document, its author, its addressee, and any other Person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a Party in good faith believes may be called to testify at trial, hearing, or deposition in this action or is called to testify at trial, hearing, or deposition in this action (and their counsel), provided such Person has, prior to disclosure, been advised of the contents of this Order;

(e) any Person retained by the Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such Person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcript depositions conducted in this action, provided such Person has, prior to disclosure, been advised of the contents of this Order;

(g) independent photocopying, graphic production services, or litigation support service employed by the Parties or their counsel to assist in this action and computer service personnel performing duties in relation to computerized litigation system;

(h) the Court and its support personnel;

(i) any mediator or other person engaged for the purpose of alternative dispute resolution of this action, mutually agreed upon by the Parties, and who has executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

(j) any other Person whom the producing Person, or other Person designating the Discovery Material Confidential, agrees in writing may have access to such Discovery Material or whom the Court has designated through an order.

11. Other than the producing Person, no Person subject to this Order (including any witness to whom Discovery Material marked "Highly Confidential" has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize, or otherwise communicate or make available any of the Highly Confidential Discovery Material to any other Person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following Persons and only to the extent reasonably necessary to prosecute or defend this action:

(a) the Parties' outside counsel and in-house counsel participating in the prosecution or defense of this action in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter;

(b) as to any document, its author, its addressee, and any other Person indicated on the face of the document as having received a copy;

(c) any witness who has been subpoenaed otherwise called to testify at trial, hearing or deposition in this action (and their counsel), provided such Person has, prior to disclosure been advised of the contents of this Order;

(d) any Person retained by a Party to serve as an expert witness or otherwise provided specialized advice to counsel in connection with this action, provided such Person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) stenographers engaged to transcribe depositions conducted in this action, provided such Person has, prior to disclosure, been advised of the contents of this Order;

(f) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(g) the Court and its support personnel;

(h) any mediator or other person engaged for the purpose of alternative dispute resolution of this action, mutually agreed upon by the Parties, and who has executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

(i) any other Person whom the producing Person, or other Person designating the Highly Confidential Discovery Material, agrees in writing may have access to such Discovery Material or whom the Court has designated through an order.

12. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Discovery Material if such disclosure is not otherwise permitted under this Order.

13. Regarding Discovery Material related to experts:

    (a) The provisions of Federal Rules of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D) shall apply to the protection of draft expert reports and communications between a Party's attorney(s) an the Party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

    (b) Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

    (c) Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming opinions set forth in final report(s), affidavit(s), declaration(s), or offered at trial or in deposition(s). No discovery can be taken from any non-testifying or consulting expert, or from the staff of any testifying or non-testifying expert.

    (d) No conversations or communications between Parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming opinions set forth in final report(s), affidavit(s), declaration(s), or offered at trial or in deposition(s).

    (e) Materials, communications, and other information exempt from discovery under the foregoing paragraphs 13(a)-(d) shall be treated as attorney work product for the purposes of these proceedings and this Order.

  14. Nothing in this Order shall limit a producing Person's rights concerning the Discovery Material it produces.

15. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any Person referred to in subparagraphs 10(e) or 11(d) above, such Person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that Person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, and, upon written request, shall produce it to opposing counsel prior to such Person being permitted to testify (at deposition, hearing, or trial).

16. To protect the confidentiality of all Confidential or Highly Confidential Discovery Material that is to be filed with the Court, including all portions of pleadings, motions, or other papers to be filed with the Court that may disclose such Confidential or Highly Confidential Discovery Material, the Person seeking to make a filing that may disclose Confidential or Highly Confidential Discovery Material shall redact such material if permitted to do so without leave of the Court by the Court's Individual Rules of Practice in Civil Cases or seek leave of the Court to redact and/or file under seal such Confidential or Highly Confidential Discovery Material in accordance with the Court's Individual Rules of Practice in Civil Cases.  The Parties will make reasonable efforts to minimize such redaction or sealing.

17. For the avoidance of doubt, this Order does not, by itself, authorize the filing of any Discovery Material under seal.  Any Person wishing to file under seal Discovery Material that has been designated as Confidential or Highly Confidential in connection with a motion, brief or other submission to the Court must comply with the Court's Individual Rules of Practice in Civil Cases.

18. Each Person who has access to Discovery Material produced by others that has been designated as Confidential or Highly Confidential shall take best efforts to prevent unauthorized or inadvertent disclosure of such material.

19.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20.     If, in connection with this action, a producing Person claims that it has inadvertently produced Discovery Material that is subject to a claim of privilege, protection, or immunity, including without limitation attorney-client privilege, attorney work-product protection, or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

21.     If a producing Party makes a claim of inadvertent disclosure, the receiving Party shall, within ten (10) business days, return, sequester, or destroy all copies of the Inadvertently Disclosed Information, and provide a written confirmation via email that all such information as been returned, sequestered, or destroyed.  Unless the receiving Party intends to challenge the claim of inadvertent disclosure, the receiving Party shall return or destroy rather than sequester the Inadvertently Disclosed Information, and such information will be returned or destroyed in the event that such a challenge is unsuccessful.

22.     The receiving Party may challenge the claim of inadvertent disclosure.  Any motion or other communication with the Court regarding Inadvertently Disclosed Information shall be

filed under seal but shall not assert as a ground for entering an order to compel the fact or circumstances of the inadvertent production.

23. The producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

24. In the event a non-Party has produced information in response to a subpoena or request, any Party receiving such information from the non-Party shall ensure that all other Parties receive copies of the non-Party's production within five (5) business days of the receiving Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such information from the non-Party shall notify all other Parties of its receipt of such production within three (3) business days, and shall provide copies of the non-Party production to all other Parties as soon as practicable.

25. A non-Party from whom the Parties seek discovery may designate Discovery Material as "Confidential" or "Highly Confidential" consistent with the terms of this Order. In such circumstances, Discovery Material designated Confidential or Highly Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a Party, and all duties applicable to a Party under this Order shall apply to a non-party designating Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Order to Parties receiving Discovery Material shall apply to any Party receiving Discovery Material from such non-party. Any Party who serves a subpoena on a non-Party shall provide such non-Party with a copy of this Order.

26. If, at any time, any Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other Person or entity

purporting to have authority to require the production thereof, the Person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to the producing Person and include with that notice a copy of the subpoena or request. To the extent permitted by law, the Person to whom the subpoena or request is directed also shall not produce documents for at least fourteen (14) days after notice of the subpoena is provided to the producing Person in order to provide the producing Person a reasonable period of time in which to seek to quash, limit, or object to the subpoena or request, or to move for any protection for the Discovery Material. If the Person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than fourteen (14) days, the Person to whom the subpoena or request is directed shall, to the extent permitted by law, notify the producing Person of this fact. In no event shall such Discovery Material subject to this Order be produced by a Person receiving a subpoena or request without providing the producing Person an opportunity to quash, limit, or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Discovery Material.

27. To the extent that a Person producing Discovery Material previously produced any portion of that material to a regulator or to another Person in another litigation, that Person may designate previously produced collections of documents that by their nature contain Confidential or Highly Confidential Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. The receiving Party may, pursuant to the procedures set forth in paragraph 8, challenge the designation of one or

more particular documents on the grounds that it does not or they do not qualify for protection, or does not or do not qualify for the level of protection asserted.

28. Confidential or Highly Confidential Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential Discovery Material solely because it was or is so produced, regardless of whether such regulator made or makes such Confidential or Highly Confidential Discovery Material available to one or more third parties.

29. A producing Party may withhold privileged information from any Discovery Material. The Parties will take reasonable measures to maintain the privilege of all documents provided to other Parties. The Parties agree to abide by the procedure set forth in the Stipulation and Order Regarding Electronically Stored Information Protocol entered with the Court and as ordered by the Court in connection with the logging of documents withheld on the basis of privilege, work-product immunity, or any another privilege or protection. In the event privileged documents or information is inadvertently produced, the Parties agree to abide by the procedure applicable to Inadvertently Disclosed Information set forth in paragraphs 18-22 of this Order to address the inadvertent disclosure of the privileged documents or information.

30. The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential Discovery Material at hearings or at the trial of this action not fewer than five (5) days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) days' notice, the Parties agree to meet and confer as soon as practicable after receiving

notice but, in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential Discovery Material at hearings or trial shall not cause such Confidential or Highly Confidential Discovery Material to lose its status as Confidential or Highly Confidential Discovery Material. Although the Parties agree to abide by the above time periods for meeting and conferring, a failure to comply with them will not be construed as automatically preventing a party from using Confidential or Highly Confidential Discovery Material at any trial or hearing.

31. The designation of any Discovery Material as Confidential or Highly Confidential is subject to challenge by any Party. The following procedure shall apply to any such challenge.

    (a) <u>Meet and Confer</u>. A Party challenging the designation of Discovery Material as Confidential or Highly Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating Person. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Person an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Person must respond to the challenge within ten (10) business days.

    (b) <u>Judicial Intervention</u>. Subject to the obligations in Paragraph 16 above, a Party that elects to challenge the designation of Discovery Material as Confidential or Highly Confidential may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that

the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the Discovery Material as Confidential or Highly Confidential under the terms of this Order.

32. This Order shall survive the termination of the litigation. The Court retains jurisdiction over Parties, counsel for Parties, and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action. Upon written request of the producing Person, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential or Highly Confidential Discovery Material and all copies of such material shall be returned or destroyed by the receiving Person within thirty (30) days, and so certified in writing within sixty (60) days of the producing Person's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a Party, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential or Highly Confidential Material, and copies thereof retained by counsel, so long as the Person retaining such material otherwise complies with this Order with respect to such retained material.

33. This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of

New York.  Any dispute between the Parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

34. Nothing herein shall preclude any Party from seeking modification of this Order or additional protection for particular documents for good cause.

35. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

36. This Court shall retain jurisdiction over all Persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: May 15, 2024
       New York, New York

*/s/ Christine M. Fox*                             */s/ Jeffrey T. Scott*

**LABATON KELLER SUCHAROW LLP**                    **SULLIVAN & CROMWELL LLP**
Christine M. Fox                                   Jeffrey T. Scott
James M. Fee                                       Matthew J. Porpora
140 Broadway                                       Julia A. Malkina
New York, New York 10005                           125 Broad Street
Tel: 212-907-0700                                  New York, NY 10004
Fax: 212-818-0477                                  Tel: 212-558-4000
cfox@labaton.com                                   Fax: 212-558-3588
jfee@labaton.com                                   scottj@sullcrom.com
                                                   porporam@sullcrom.com
*Counsel for Lead Plaintiff Boston Retirement*     malkinaj@sullcrom.com
*System and the Proposed Class*

                                                   *Counsel for Defendants Barclays PLC,*
                                                   *James E. Staley, Tushar Morzaria,*
                                                   *C.S. Venkatakrishnan, and Anna Cross*

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 9 of this Court's Individual
Rules of Civil Procedure.

Dated:     May 16, 2024                SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

```
                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE
```

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BARCLAYS PLC SECURITIES LITIGATION | Case No. 1:22-cv-08172-KPF |

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action. I agree that I will use Discovery Material solely for the prosecution or defense of this action and for no other purpose and that at the conclusion of the litigation I will return all Discovery Material I have received to the party or attorney from whom I received it within thirty (30) days. In addition, I agree that I will not disclose Discovery Material designated as Confidential or Highly Confidential except as authorized by the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____          _____