## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| IN RE BARCLAYS PLC SECURITIES LITIGATION |

Case No. 1:22-cv-08172-KPF

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

**WHEREAS:**

A.    As of November 27, 2024, Court-appointed Lead Plaintiff Boston Retirement System ("Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class, on the one hand, and Barclays PLC ("Barclays" or the "Company"), James E. Staley, C.S. Venkatakrishnan, and Tushar Morzaria (together with Barclays, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on March 6, 2023 (ECF No. 46), on the merits and with prejudice (the "Settlement");

B.    The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.    The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED,** this _____ day of _____, **2024 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired American Depository Shares ("ADS") of Barclays PLC during the period from February 18, 2021 through February 14, 2023, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and former defendants in the Action; (ii) members of the immediate family of any Defendant or former defendant who is an individual; (iii) any person who was an officer, director, and/or control person of Barclays during the Class Period; (iv) any firm, trust, corporation, or other entity in which any excluded person or entity has or had a controlling interest and/or beneficial interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.  Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Settlement Class.[1]  Also excluded from the

---

[1] As defined in the Stipulation, ¶ 1(n), "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which Barclays or any affiliate of Barclays has or may have a direct or indirect interest, or as to which Barclays or any affiliate of Barclays may act as an investment advisor, but in which Barclays

Settlement Class are those Persons who or which timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small

---

alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest, and (ii) Employee Benefit Plans as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary. Notwithstanding the foregoing, no excluded Person will be eligible to recover through any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Boston Retirement System is preliminarily certified as Class Representative for the Settlement Class.   The law firm of Labaton Keller Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court in Courtroom 618, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, either in person or remotely at the Court's discretion, on _____, 2025, at __:____ _.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed final judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the

Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

        (e)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7.     The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      The Court approves the retention of Verita Global, LLC ("Verita" or "Claims Administrator") as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before twelve (12) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Barclays, to the extent it has not already done so, shall use reasonable efforts to provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, within ten (10) business days of entry of this Preliminary Approval Order, records from Barclays' transfer agent in electronic searchable form (such as excel), containing the names, addresses, and emails (to the extent available) of Persons who purchased or acquired Barclays ADSs during the Class Period.  The Claims Administrator may, in addition, email the Notice and Claim Form ("Notice Packet") or links to the Notice Packet to Settlement Class Members, to the extent it is provided with email addresses.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired Barclays ADSs during the Class Period as record owners but not as beneficial owners. Such nominees shall either: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail the Notice Packet promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to mail to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notice Packets from the Claims Administrator mail them to all such beneficial owners.  Nominees shall also provide email

addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  Nominees who elect to mail the Notice Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.10 per name/address provided and up to $0.10 plus postage at the Claims Administrator's rate for bulk mailings by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research.  Properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court.

10.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

11.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice and Claim Form, postmarked no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice and Claim Form.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)      The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)      As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.      Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

15.      Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the

Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, email, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Barclays PLC Securities Litigation*, Case No. 22-cv-08172 (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Barclays ADSs during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses.  Any objections must state (a) the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and expenses in *In re Barclays PLC Securities Litigation*, Case No. 22-cv-08172 (S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove

the objector's membership in the Settlement Class, such as the number of shares of Barclays ADSs purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Jeffrey T. Scott, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses

they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties.

20.    As provided in the Stipulation, Lead Counsel may pay out of the Settlement Fund, without further approval from Defendants and without further order of the Court, Notice and Administration Expenses.

21.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and Litigation Expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.    No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 18, 2024.

26.    Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any

liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of  _____, 2024

BY THE COURT:

_____
Honorable Katherine Polk Failla
UNITED STATES DISTRICT JUDGE

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BARCLAYS PLC<br>SECURITIES LITIGATION | Case No. 1:22-cv-08172-KPF |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired American Depository Shares ("ADSs") of Barclays PLC ("Barclays" or the "Company") during the period from February 18, 2021 through February 14, 2023, both dates inclusive, and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.[1]

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to be eligible for a payment from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the proposed Settlement will create a $19,500,000 fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.11 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.08 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Boston Retirement System ("BRS") that have been asserted on behalf of the Settlement Class (defined below) against Barclays, James E. Staley, C.S. Venkatakrishnan, and Tushar Morzaria (collectively, "Defendants").  The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability and the Released Plaintiff's Claims (defined below).

**If you are a member of the Settlement Class, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

---

[1]  The Company's ADSs may also be referred to in your documentation as American Depository Receipts ("ADRs").  The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated November ___, 2024 (the "Stipulation"), which can be viewed at www.BarclaysSecuritiesSettlement.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment. This is the only option that, assuming your lawsuit is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all eligible Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

### WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice ... Page __
Why did I get this Notice? ... Page __
How do I know if I am part of the Settlement Class? ... Page __
Are there exceptions to being included? ... Page __
Why is this a class action? ... Page __
What is this case about and what has happened so far? ... Page __
What are the reasons for the Settlement? ... Page __
What does the Settlement provide? ... Page __
How can I receive a payment? ... Page __
What am I giving up to receive a payment and by staying in the Settlement Class? ... Page __
How do I exclude myself from the Settlement Class? ... Page __
If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? ... Page __
Do I have a lawyer in this case? ... Page __
How will the lawyers be paid? ... Page __
How do I tell the Court that I do not like something about the

proposed Settlement?                                          Page __
What is the difference between objecting and seeking exclusion?   Page __
When and where will the Court decide whether to approve the
  Settlement?                                                 Page __
Do I have to come to the Settlement Hearing?                  Page __
May I speak at the Settlement Hearing?                        Page __
What happens if I do nothing at all?                          Page __
Are there more details about the Settlement?                  Page __
How will my claim be calculated?                              Page __
Special notice to securities brokers and nominees.            Page __

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $19,500,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's damages expert's estimate of the number of Barclays ADSs eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.11 per allegedly damaged share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.08 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many Barclays ADSs the Settlement Class Member purchased or acquired during the

---

[2]    An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

Class Period; and (iv) whether and when the Settlement Class Member sold their Barclays ADSs. *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.     The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim.  The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omissions that were materially false or misleading, or were otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent; (iii) the amount by which the price of Barclays ADSs was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of Barclays ADSs during the Class Period.

3.     Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.     Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund of no more than 29% of the Settlement Fund, which includes any accrued interest, *i.e.*, $5,655,000, plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $300,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense

Application in full, the average amount of fees and expenses is estimated to be approximately $0.03 per allegedly damaged Barclays ADS. A copy of the Fee and Expense Application will be posted on www.BarclaysSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to, among other factors, the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, 1-888-219-6877, www.labaton.com, settlementquestions@labaton.com.

8.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Barclays Securities Settlement*, c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, 1-866-724-6406, info@BarclaysSecuritiesSettlement.com, www.BarclaysSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

## BASIC INFORMATION

| 1.  Why did I get this Notice? |
| --- |

9.      The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired Barclays ADSs during the period from February 18, 2021 through February 14, 2023, both dates inclusive (the "Class Period").  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties to the Action do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.      The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Barclays Securities Litigation*, Case No. 1:22-cv-08172-KPF (S.D.N.Y.). The Action is assigned to the Honorable Katherine Polk Failla, United States District Judge.

| 2.  How do I know if I am part of the Settlement Class? |
| --- |

12.      The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities who or which purchased or otherwise acquired American Depository Shares of Barclays PLC during the period from February 18, 2021 through February 14, 2023, both dates inclusive, and were allegedly damaged thereby.**

13.     If one of your mutual funds purchased Barclays ADSs during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or acquired Barclays ADSs during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  The Parties to the Action do not independently have access to your trading information.

| **3.  Are there exceptions to being included?** |
|---|

14.     Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants and former defendants in the Action; (ii) members of the immediate family of any Defendant or former defendant who is an individual; (iii) any person who was an officer, director, and/or control person of Barclays during the Class Period; (iv) any firm, trust, corporation, or other entity in which any excluded person or entity has or had a controlling interest and/or beneficial interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Notwithstanding the foregoing exclusions, no "Investment Vehicle" will be excluded from the Settlement Class.[3]  Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

---

[3] In the Settlement, "'Investment Vehicle' means any investment company or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which Barclays or any affiliate of Barclays has or may have a direct or indirect interest, or as to which Barclays or any affiliate of Barclays may act as an investment advisor, but in which Barclays alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest, and (ii) Employee Benefit Plans as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.  Notwithstanding the foregoing, no excluded Person will be eligible to recover through any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary."

**4. Why is this a class action?**

15.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed BRS to serve as Lead Plaintiff and has appointed Labaton Keller Sucharow LLP to serve as Lead Counsel.

**5. What is this case about and what has happened so far?**

16.    Defendant Barclays PLC is a bank holding company, headquartered in London, United Kingdom. Through its subsidiaries, including Barclays Bank PLC, it provides various financial services, including investment banking, wealth management, and the offer and sale of securities.  Barclays ADSs trade on the New York Stock Exchange under the ticker symbol "BCS."

17.    In the Action, Lead Plaintiff alleged that Defendants made false and misleading statements and omissions during the Class Period regarding the strength and efficacy of Barclays' internal controls over financial reporting following its loss of "well-known seasoned issuer" ("WKSI") status in the United States, and becoming an "ineligible issuer."  Barclays and Barclays Bank PLC lost their WKSI status because of a settlement with the U.S. Securities and Exchange Commission ("SEC") involving one of Barclays' subsidiaries in May 2017.  Becoming ineligible issuers meant that Barclays and Barclays Bank PLC were required to quantify the total amount of securities that they anticipated offering and selling through their registration statements filed with the SEC and pay the registration fees for those securities in advance at the time they filed registration statements.

- 8 -

18.    In March 2022, Barclays discovered that an over-issuance of securities had occurred from a Barclays Bank PLC shelf registration statement that became effective in August 2019 (the "2019 Shelf Registration Statement") and halted new offers and sales of securities from that registration statement. Barclays Bank PLC subsequently informed the SEC and informed investors that it was suspending the sale and issuance of certain securities. Barclays Bank PLC also announced that it was going to conduct a rescission offer to certain purchasers of the unregistered securities, and that the over-issuance of securities was the subject of regulatory inquiries. Thereafter, Barclays and Barclays Bank PLC announced certain restatements of their financial results and other financial information related to the over-issuance of securities.

19.    Lead Plaintiff alleged that corrective information was released to the market prior to market open on March 28, 2022, July 28, 2022, and February 15, 2023, which negatively impacted the market price of Barclays ADSs on those days and removed alleged artificial inflation from the price of Barclays ADSs.

20.    On December 21, 2022, pursuant to the PSLRA, the Court: (i) appointed Boston Retirement System as Lead Plaintiff; and (ii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP, "Labaton") as Lead Counsel.

21.    On March 6, 2023, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Barclays, James E. Staley, C.S. Venkatakrishnan, Tushar Morzaria, and Anna Cross under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and asserting claims against Barclays Bank PLC, James E. Staley, C.S. Venkatakrishnan, Tushar Morzaria, Anna Cross, and Nigel Higgins under Section 20(a) of the Exchange Act. The Complaint alleged that, during the Class Period of February 18, 2021 through February 14, 2023, inclusive, the price of Barclays ADSs was artificially inflated as a result of

defendants' allegedly false and misleading statements and omissions and declined when the truth was allegedly revealed through a series of partial corrective disclosures.

22.     Prior to filing the Complaint and the start of formal discovery, Lead Plaintiff, through Lead Counsel, conducted its own investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) materials publicly available related to the September 29, 2022 Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order ("SEC Order"); and (v) other publicly available documents, as well as consultation with experts in the areas of loss causation and damages.  Additionally, Lead Plaintiff, though Lead Counsel, contacted and interviewed former employees of Barclays,  financial industry journalists who covered Barclays during the Class Period, and legal experts and professors in the field of securities regulation.

23.     On May 5, 2023, defendants filed a motion to dismiss the Complaint, which Lead Plaintiff opposed.  On February 23, 2024, the Court entered its Opinion and Order granting in part and denying in part defendants' motion to dismiss the Complaint.  As a result of the Opinion and Order, claims against defendants Barclays Bank PLC and Nigel Higgins were dismissed, and two of the three alleged corrective disclosures were dismissed, which shortened the class period.  (On September 26, 2024, defendant Anna Cross was voluntarily dismissed as a defendant given that she did not make any statements at issue with respect to the claims sustained in the Court's February 23, 2024 Opinion and Order.)  The case proceeded to discovery.

24.     On March 8, 2024, defendants filed a motion for reconsideration regarding the Court's February 23, 2024 Opinion and Order, which Lead Plaintiff opposed. (The motion was pending at the time the Settlement was reached.)

25.     On April 15, 2024, defendants filed their Answer to the Complaint.

26.     On August 12, 2024, Lead Plaintiff filed its motion for class certification, and for the appointment of Lead Plaintiff as Class Representative and Lead Counsel as Class Counsel.

27.     In mid-July 2024, the Parties began exploring the possibility of a negotiated resolution of the Action. After an in-person settlement meeting on September 13, 2024, the Parties agreed in principle to settle the Action for $19,500,000 in cash. The Parties memorialized their agreement in a term sheet that was executed on September 20, 2024 (the "Term Sheet"), subject to the execution of a formal settlement agreement, related papers, and approval by the Court. On November ___, 2024, the Parties executed the Stipulation.

**6. What are the reasons for the Settlement?**

28.     The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

29.     Defendants have denied and continue to deny each and every claim alleged by Lead Plaintiff in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny that any member of the Settlement Class has suffered damages

or that the prices of Barclays ADSs were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
|---|

30.    In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $19,500,000 payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8.  How can I receive a payment? |
|---|

31.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www.BarclaysSecuritiesSettlement.com, or from Lead Counsel's website www.labaton.com, or submit a claim online at www.BarclaysSecuritiesSettlement.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-866-724-6406.

32.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than** _____, **2025.**

### 9.  What am I giving up to receive a payment and by staying in the Settlement Class?

33.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties" in accordance with the terms of the Stipulation.  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

34.     Specifically, as of the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of a Settlement Class Member, in that capacity, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, any action, suit, cause of action, claim or demand asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

(a)     **"Released Plaintiff's Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: asserted in the Action or could have asserted in the Action, or in any forum, that arise out of or relate to both: (1) the allegations, transactions, facts, matters or occurrences, representations omissions, public filings,

or other statements involved, set forth, or referred to in the complaints filed in the Action; and (2) the purchase, acquisition, or holding of Barclays ADS during the Class Period.  Released Plaintiff's Claims shall not include: (i) claims to enforce the Settlement; and (ii) claims in *May v. Barclays PLC, et al.*, Case No. 1:23-cv-02583-LJL (S.D.N.Y.), and *Puchtler v. Barclays PLC, et al.*, Case No. 1:24-cv-01872-LJL (S.D.N.Y.).

(b)    **"Released Defendant Parties"** means Defendants, Barclays Bank PLC, Anna Cross, Nigel Higgins, Defendants' Counsel, and each of their respective former, present, or future parents, subsidiaries, divisions, and affiliates, and the respective current and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, and assigns of each of them, in their capacity as such.

(c)    "**Unknown Claims**" means any and all Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including but not limited to the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign

law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

35.    The "Effective Date" will occur in accordance with Paragraph 40 of the Stipulation when, among other things, an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

36.    Upon the "Effective Date," Defendants will also provide a release of Released Defendants' Claims against Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation.

37.     **"Released Defendants' Claims"** means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against defendants in the Action, except for (i) claims relating to the enforcement of the Settlement or any order of the Court in the Action relating to the Settlement, or (ii) any claims against any Person who or which submits a request for exclusion that is accepted by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

38.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed.**  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

---

**10.  How do I exclude myself from the Settlement Class?**

---

39.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Barclays Securities Litigation*, Case No. 22-cv-08172 (S.D.N.Y.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, email, and telephone number of the Person seeking exclusion; (ii) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Barclays ADSs during the Class Period; and (iii) be signed by the Person requesting exclusion.  A request for exclusion must be mailed so that it is **received no later than _____, 2025** at:

*Barclays Securities Settlement*
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

40.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

41.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11.     If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

42.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2025.**

**THE LAWYERS REPRESENTING YOU**

**12.  Do I have a lawyer in this case?**

43.     Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the

Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13.  How will the lawyers be paid? |
| --- |

44.      Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will seek an attorneys' fee award of no more than 29% of the Settlement Fund, which includes accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $300,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| 14.  How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

45.      If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

46.      To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in *In re Barclays PLC Securities Litigation*, Case No. 22-cv-08172 (S.D.N.Y.).  The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the

- 18 -

objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Barclays ADSs purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than _____, 2025 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2025:**

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court** United States District Court Southern District of New York 500 Pearl Street New York, NY 10007 | **Labaton Keller Sucharow LLP** Christine M. Fox, Esq. 140 Broadway New York, NY 10005 | **Sullivan & Cromwell LLP** Jeffrey T. Scott, Esq. 125 Broad Street New York, NY 10004 |

47.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

| 15.  What is the difference between objecting and seeking exclusion? |
|---|

48.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

| 16.  When and where will the Court decide whether to approve the Settlement? |
|---|

49.     The Court will hold the Settlement Hearing on _____, 2025 at _____ _.m., either remotely or in person, in Courtroom 618 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

50.     At this hearing, the Honorable Katherine Polk Failla will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

51.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at

www.BarclaysSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

| **17. Do I have to come to the Settlement Hearing?** |
| --- |

52.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2023**.

| **18. May I speak at the Settlement Hearing?** |
| --- |

53.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2025,** submit a statement that you, or your attorney, intend to appear in "*In re Barclays PLC Securities Litigation*, Case No. 22-cv-08172 (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

| **19. What happens if I do nothing at all?** |
| --- |

54.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with

a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

### GETTING MORE INFORMATION

| **20. Are there more details about the Settlement?** |
| --- |

55.    This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

56.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.BarclaysSecuritiesSettlement.com, or the website of Lead Counsel, www.labaton.com. You may also call the Claims Administrator toll free at 1-866-724-6406 or write to the Claims Administrator at *Barclays Securities Settlement,* c/o Verita Global, LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, info@BarclaysSecuritiesSettlement.com. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 21.  How will my claim be calculated? |
|---|

57.    The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.   Any order modifying the Plan of Allocation will be posted on the Settlement website www.BarclaysSecuritiesSettlement.com and www.labaton.com.

58.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court).  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

59.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund among Claimants who allegedly suffered economic losses as a result of the alleged conduct during the Class Period (February 18, 2021 through February 14, 2023).  To design this Plan, Lead Counsel conferred with Lead Plaintiff's consulting damages expert.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when

the Claimant purchased or acquired Barclays ADSs; and (iii) whether and when the Claimant sold

his, her, or its Barclays ADSs.[4]  The computations under the Plan of Allocation are only a method

to weigh the claims of Authorized Claimants against one another for the purposes of making *pro*

*rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each

Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized

Claimant's "Recognized Claim."

      60.     For losses to be compensable damages under the federal securities laws, the

disclosure of the allegedly misrepresented information must be the cause of the decline in the price

of the securities at issue.  In this case, Lead Plaintiff alleged that Defendants issued false statements

and omitted material facts during the Class Period that allegedly artificially inflated the price of

Barclays ADSs.  It was alleged that corrective information released to the market prior to market

open on March 28, 2022, July 28, 2022, and February 15, 2023, negatively impacted the market

price of Barclays ADSs on those days in a statistically significant manner and removed alleged

artificial inflation from the prices on those days.  Accordingly, in order to have a compensable loss

in this Settlement, Barclays ADSs must have been purchased or otherwise acquired during the

Class Period (February 18, 2021 through February 14, 2023) and held through at least one of the

alleged corrective disclosure dates listed above.

      61.     However, in its February 23, 2024 Order granting and dismissing, in part,

Defendants' motion to dismiss the Action, the Court, among other things, dismissed claims based

on alleged misstatements made after March 27, 2022 and ruled that the July 28, 2022 and February

15, 2023 disclosures were not actionable. Accordingly, the artificial inflation in Table 1, below,

---

[4] Barclays ADSs may be referred to in your documentation as American Depository Receipts or
ADRs.  The NYSE symbol is BCS.  Barclays "common shares" (BARC) are not traded on the
NYSE and are not part of this case or eligible for a recovery from the Settlement.

for shares purchased from March 28, 2022 to July 27, 2022 and/or from July 28, 2022 to February 14, 2023 has been reduced by 95% in recognition of the Court's dismissal of these claims and the low likelihood of recovery for these claims.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62.     For purposes of determining whether a Claimant has a "Recognized Claim," if a Settlement Class Member has more than one purchase/acquisition or sale of Barclays ADSs during the Class Period, all purchases/acquisitions and sales will be matched on a "First in First Out" (FIFO) basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

63.     A "Recognized Loss Amount" will be calculated as set forth for each purchase of Barclays ADSs during the Class Period from February 18, 2021 through, and including, February 14, 2023 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

64.     For each Barclays ADS purchased or otherwise acquired during the Class Period and sold before the close of trading on May 15, 2023, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

65.     **For each Barclays ADS purchased from February 18, 2021 through, and including, February 14, 2023**, and**:**

A.  Sold before March 28, 2022, the Recognized Loss Amount for each such ADS shall be zero.

B.  Sold from March 28, 2022 through February 14, 2023, the Recognized Loss Amount for each such ADS shall be ***the lesser of***:

1. the dollar artificial inflation applicable to each such ADS on the date of purchase/acquisition as set forth in **Table 1** below minus the dollar artificial inflation applicable to each such ADS on the date of sale as set forth in **Table 1** below; or

2. the Out of Pocket Loss.

C. Sold from February 15, 2023 through May 15, 2023, the Recognized Loss Amount for each such ADS shall be ***the least of***:

3. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

4. the actual purchase/acquisition price of each such ADS _minus_ the average closing price from February 15, 2023, up to the date of sale as set forth in **Table 2** below; or

5. the Out of Pocket Loss.

D. Held as of the close of trading on May 15, 2023, the Recognized Loss Amount for each such ADS shall be ***the lesser of***:

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each such ADS _minus_ $7.65.[5]

## TABLE 1

**Barclays ADS**
**Alleged Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per ADS[6] |
|---|---|
| February 18, 2021 – March 27, 2022 | $0.90 |
| March 28, 2022 – July 27, 2022 | $0.07 |

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Barclays ADSs during the "90-day look-back period," February 15, 2023 through May 15, 2023. The mean (average) closing price for Barclays ADSs during this 90-day look-back period was $7.65.

[6] In **Table 1**, the artificial inflation per ADS is discounted by 95% for the second and third transaction date ranges because the Court dismissed the related alleged corrective disclosures from the case.

| Transaction Date | Artificial Inflation Per ADS[6] |
|---|---|
| July 28, 2022 – February 14, 2023 | $0.04 |

**TABLE 2**

**Barclays ADS Closing Price and Average Closing Price**
**February 15, 2023 – May 15, 2023**

| Date | Closing Price | Average Closing Price Between February 15, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between February 15, 2023 and Date Shown |
|---|---|---|---|---|---|
| 2/15/2023 | $8.45 | $8.45 | 3/31/2023 | $7.19 | $7.62 |
| 2/16/2023 | $8.46 | $8.46 | 4/3/2023 | $7.37 | $7.62 |
| 2/17/2023 | $8.43 | $8.45 | 4/4/2023 | $7.33 | $7.61 |
| 2/21/2023 | $8.34 | $8.42 | 4/5/2023 | $7.40 | $7.60 |
| 2/22/2023 | $8.36 | $8.41 | 4/6/2023 | $7.55 | $7.60 |
| 2/23/2023 | $8.32 | $8.39 | 4/10/2023 | $7.56 | $7.60 |
| 2/24/2023 | $8.23 | $8.37 | 4/11/2023 | $7.56 | $7.60 |
| 2/27/2023 | $8.35 | $8.37 | 4/12/2023 | $7.59 | $7.60 |
| 2/28/2023 | $8.46 | $8.38 | 4/13/2023 | $7.67 | $7.60 |
| 3/1/2023 | $8.46 | $8.39 | 4/14/2023 | $7.84 | $7.61 |
| 3/2/2023 | $8.32 | $8.38 | 4/17/2023 | $7.73 | $7.61 |
| 3/3/2023 | $8.39 | $8.38 | 4/18/2023 | $7.77 | $7.61 |
| 3/6/2023 | $8.38 | $8.38 | 4/19/2023 | $7.80 | $7.62 |
| 3/7/2023 | $8.07 | $8.36 | 4/20/2023 | $7.62 | $7.62 |
| 3/8/2023 | $8.06 | $8.34 | 4/21/2023 | $7.62 | $7.62 |
| 3/9/2023 | $7.77 | $8.30 | 4/24/2023 | $7.73 | $7.62 |
| 3/10/2023 | $7.53 | $8.26 | 4/25/2023 | $7.42 | $7.62 |
| 3/13/2023 | $7.24 | $8.20 | 4/26/2023 | $7.61 | $7.61 |
| 3/14/2023 | $7.40 | $8.16 | 4/27/2023 | $8.17 | $7.63 |
| 3/15/2023 | $6.79 | $8.09 | 4/28/2023 | $8.07 | $7.63 |
| 3/16/2023 | $6.98 | $8.04 | 5/1/2023 | $7.99 | $7.64 |
| 3/17/2023 | $6.75 | $7.98 | 5/2/2023 | $7.77 | $7.64 |
| 3/20/2023 | $6.67 | $7.92 | 5/3/2023 | $7.61 | $7.64 |
| 3/21/2023 | $6.93 | $7.88 | 5/4/2023 | $7.47 | $7.64 |
| 3/22/2023 | $6.86 | $7.84 | 5/5/2023 | $7.82 | $7.64 |
| 3/23/2023 | $6.65 | $7.79 | 5/8/2023 | $7.82 | $7.65 |
| 3/24/2023 | $6.60 | $7.75 | 5/9/2023 | $7.77 | $7.65 |
| 3/27/2023 | $6.75 | $7.71 | 5/10/2023 | $7.75 | $7.65 |
| 3/28/2023 | $6.72 | $7.68 | 5/11/2023 | $7.68 | $7.65 |
| 3/29/2023 | $6.96 | $7.66 | 5/12/2023 | $7.66 | $7.65 |

| Date | Closing Price | Average Closing Price Between February 15, 2023 and Date Shown | | Date | Closing Price | Average Closing Price Between February 15, 2023 and Date Shown |
|------|------|------|------|------|------|------|
| 3/30/2023 | $7.09 | $7.64 | | 5/15/2023 | $7.83 | $7.65 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

66.    The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

67.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

68.    Purchases or acquisitions and sales of Barclays ADSs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.  The receipt or grant of Barclays ADSs by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase, acquisition, or sale of these shares for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares unless (i) the donor or decedent purchased or acquired such shares during the Class Period; (ii) no Claim Form was

submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

69.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

70.    If a Claimant has an opening short position in Barclays ADSs at the start of the Class Period, the earliest Class Period purchases or acquisitions will be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that covers such short sales will not be entitled to recovery.  If a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

71.    Barclays ADSs (CUSIP: 06738E204; NYSE: BCS) is the only security eligible for recovery under the Plan of Allocation.  Barclays "common shares" (BARC) are not traded on the NYSE and are not part of this case or eligible for a recovery from the Settlement.  With respect to Barclays ADSs purchased or sold through the exercise of an option, the purchase/sale date of the Barclays ADSs is the exercise date of the option and the purchase/sale price is the exercise price of the option.

72.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

73.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the Council of Institutional Investors, a non-sectarian, not-for-profit organization certified as tax-exempt under Section 501(c) of the Code, or such other non-sectarian, not-for-profit organization certified as tax-exempt under Section 501(c) of the Code designated by Lead Plaintiff and approved by the Court.

74.     Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all Claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of

the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

75.    Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

76.    If you purchased or acquired Barclays ADSs (CUSIP: 06738E204; BCS) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail this Notice Packet promptly to such identified beneficial owners; or (b) request from the Claims Administrator sufficient copies of the Notice Packet to mail to all such beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Notice Packets from the Claims Administrator mail them to all such beneficial owners.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.

77.    Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with the above of up to $0.10 per name/address provided and up to $0.10 plus postage at the Claims Administrator's rate for bulk mailings, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider

an upward adjustment for the reasonable costs incurred to perform their research. Properly documented expenses incurred by nominees in compliance with the above will be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning the above should be addressed to the Claims Administrator:

*Barclays Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
1-866-724-6406
info@BarclaysSecuritiesSettlement.com
www.BarclaysSecuritiesSettlement.com


Dated: _____, 2024                    BY ORDER OF THE
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BARCLAYS PLC SECURITIES LITIGATION | Case No. 1:22-cv-08172-KPF |

## PROOF OF CLAIM AND RELEASE

### A. GENERAL INSTRUCTIONS

1.  To recover as a member of the Settlement Class based on your claims in the class action entitled *In re Barclays Securities Litigation*, Case No. 1:22-cv-08172-KPF (S.D.N.Y.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.  **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____COM NO LATER THAN _____, 2025 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS**:

*Barclays Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171

3.  If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.  RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

### B. CLAIMANT IDENTIFICATION

4.  If you purchased or otherwise acquired American Depository Shares ("ADSs") of Barclays PLC ("Barclays") (CUSIP: 06738E204; BCS) during the period from February 18, 2021 through February 14, 2023, both dates inclusive, you may be eligible for a recovery from the Settlement.  If you held the shares in your name, you are the beneficial purchaser as well as the record purchaser.  However, if you purchased or otherwise acquired ADSs of Barclays through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Barclays ADSs whose ownership forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S).  All joint owners must sign this claim.

6.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

7.      Use **Part II** of this form entitled "Schedule of Transactions in Barclays ADSs" to supply all required details of your transaction(s) in Barclays ADSs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to your purchases, acquisitions, sales, and holdings of Barclays ADSs, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim. **THE CLAIMS ADMINISTRATOR AND THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN BARCLAYS ADSs.**

9.      Copies of broker confirmations or other documentation of your transactions in Barclays ADSs must be submitted with your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

10.      NOTICE REGARDING ELECTRONIC FILING: Certain Claimants with large numbers of transactions may request, either personally or through a legal representative, to submit information regarding their transactions in electronic files.  This is different than submitting your claim online using the Settlement website.  All such Claimants MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-_____ or efile@_____ to obtain the required file layout.  The Claims Administrator may also request that Claimants with a large number of transactions file their claims electronically.  **No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.**

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

| Beneficial Owner First Name | MI | Beneficial Owner Last Name |
|---|---|---|
| Co-Beneficial Owner First Name | MI | Co-Beneficial Owner First Name |

| Beneficial Owner Entity Name (if Claimant is not an individual) |
|---|

| Representative or Custodian Name (if Claim is not submitted by Beneficial Owner(s)) |
|---|

| Address 1 (Street Name and Number) |
|---|

| Address 2 (apartment or unit number) |
|---|

| City | State | ZIP |
|---|---|---|

| Foreign Province | Foreign Country |
|---|---|
| Telephone Number (home) | Telephone Number (work) |

| Email Address |
|---|

| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) |
|---|

| Last Four Digits of Social Security Number (for individuals): | OR | Last Four Digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

Claimant Account Type (check appropriate box):

| | | |
|---|---|---|
| Individual (includes joint owner accounts) | Pension Plan | Trust |
| Corporation | Estate | |
| IRA/401K | Other _____ (please specify) | |

- 3 -

## PART II – SCHEDULE OF TRANSACTIONS IN BARCLAYS ADSs

**1. BEGINNING HOLDINGS -** State the total number of Barclays ADSs held as of the opening of trading on February 18, 2021.  If none, write "0" or "Zero." (Must submit documentation.) _____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase and acquisition of Barclays ADSs from the opening of trading on February 18, 2021 through and including the close of trading on February 14, 2023.  (Must submit documentation.)

| Date of Purchase/Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Barclays ADSs purchased/acquired from February 15, 2023 through May 15, 2023.[1]  (Must submit documentation.) _____

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of Barclays ADSs from February 18, 2021 through and including the close of trading on May 15, 2023.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Barclays ADSs held as of the close of trading on May 15, 2023.  If none, write "0" or "Zero." (Must submit documentation.) _____

---

[1] Information requested in this Claim Form with respect to your purchases/acquisitions on February 15, 2023 through and including May 15, 2023 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX: ☐

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**YOU MUST READ AND SIGN THE RELEASE BELOW. FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1. I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated _____ (the "Stipulation"). I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Barclays securities) if requested to do so. I (We) have not submitted any other claim in the Action covering the same transactions in Barclays ADSs during the Class Period and know of no other person having done so on my (our) behalf.

2. I (We) have read and understand the contents of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and this Claim Form, including the releases provided for in the Stipulation.

3. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

4. I (We) hereby warrant and represent that I (we) have not submitted a request for exclusion from the Settlement Class.

5. I (We) hereby acknowledge, on behalf of myself (ourselves) and my (our) respective heirs, executors, administrators, predecessors, successors, assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on my (our) behalf, in that capacity, full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiff's Claims each and all of the Released Defendant Parties, both as defined in the Stipulation. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

6. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7. I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Barclays ADSs that are the subject of this claim, as

- 5 -

well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.  (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.


Executed this _____ day of _____,
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ (Month / Year)

in _____, _____, _____
$\qquad$ (City) $\qquad\qquad\qquad\qquad$ (State) $\qquad\qquad\qquad\qquad$ (Country)


_____          _____
Signature of Claimant                                              Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                                           Print Name of Joint Claimant, if any


(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor, or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Please sign the above release and acknowledgement.

2.  If this claim is being made on behalf of Joint Claimants, then both must sign.

3.  Remember to attach copies of supporting documentation.

4.  **Do not send** originals of certificates.

6.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7.  If you move, please send your new address to:

*Barclays Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.BarclaysSecuritiesSettlement.com
1-866-724-6406

5.  Keep a copy of your Claim Form and all supporting documentation for your records.

8.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BARCLAYS PLC<br>SECURITIES LITIGATION | Case No. 1:22-cv-08172-KPF |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which purchased or otherwise acquired American Depository Shares of Barclays PLC during the period from February 18, 2021 through February 14, 2023, both dates inclusive, and were allegedly damaged thereby.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff Boston Retirement System, on behalf of itself and all members of the proposed Settlement Class, and Barclays PLC ("Barclays" or the "Company"), James E. Staley, C.S. Venkatakrishnan, and Tushar Morzaria (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in exchange for payment of $19,500,000 (the "Settlement").

A hearing will be held before the Honorable Katherine Polk Failla, either in person or remotely in the Court's discretion, on _____, 2025, at ____ ____.m. in Courtroom 618 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated as of _____, 2024; (iii) approve the proposed Plan of Allocation for

distribution of the proceeds of the Settlement (the "Net Settlement Fund") to eligible Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice.  Information about the hearing will be posted at www.BarclaysSecuritiesSettlement.com.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Claim Form, you may obtain copies of these documents by visiting www.BarclaysSecuritiesSettlement.com or by contacting the Claims Administrator at:

*Barclays Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
info@BarclaysSecuritiesSettlement.com
1-866-724-6406

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Christine M. Fox, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
1-888-219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than***

2

_____ __, *2025*.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than* _____ __, *2025*.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than* _____ __, *2025*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2025        BY ORDER OF THE
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF NEW YORK