# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BARCLAYS PLC
SECURITIES LITIGATION

Case No. 1:22-cv-08172-KPF

DECLARATION OF BOSTON RETIREMENT SYSTEM
IN SUPPORT OF APPROVAL OF PROPOSED SETTLEMENT AND
REQUEST FOR ATTORNEYS' FEES AND EXPENSES

I, Timothy J. Smyth, Esquire, declare under penalty of perjury, pursuant to 28 U.S.C. §1746:

1.      I am the Executive Officer of the Boston Retirement System ("BRS"), which was appointed by the Court as Lead Plaintiff in the above-captioned securities class action (the "Action"). I am authorized to make this declaration on behalf of BRS, have personal knowledge of the statements herein, and, if called as a witness, could competently testify about them.

2.      BRS is a governmental defined benefit plan, and its Retirement Board serves approximately 36,500 active members, inactive members and retirees of all City of Boston departments, Boston Housing Authority, Boston Public Health Commission and the Boston Water and Sewer Commission, as well as legacy members formerly employed by the Boston Redevelopment Authority, Suffolk County Sheriff's Department and Suffolk County Courthouse. BRS is a sophisticated institutional investor that manages approximately $7.27 billion in assets as of December 31, 2024.

3.      I respectfully submit this declaration in connection with final approval of the proposed Settlement of the Action for $19,500,000 in cash, approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement, and approval of Lead Counsel's request for attorneys' fees and expenses. I also respectfully submit this declaration in support of BRS's request for an award, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(4) and §78u-4(a)(4), in connection with the time that BRS dedicated to the litigation on behalf of the proposed Settlement Class.

## I.      BRS'S OVERSIGHT OF THE ACTION

4.      On December 21, 2022, the Court appointed BRS as Lead Plaintiff in the Action and approved our selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel.

5.      In fulfillment of its responsibilities as a Court-appointed Lead Plaintiff, BRS has undertaken to diligently perform its role on behalf of all members of the Settlement Class and to pursue a favorable result in this Action.  Since 2022, when BRS determined to take an active role in the Action and to seek lead plaintiff appointment, BRS has, through the direct involvement of myself and others, conferred regularly with counsel concerning issues of law and fact, and the overall strategies for the prosecution of the Action, through various phone calls, in-person meetings, and emails. We, among other things: (i) assisted Lead Counsel in the collection and retention of relevant documents in the possession, custody and control of BRS related to the Action; (ii) completed certifications and declarations in support of case filings; (iii) received and reviewed material court filings, in both draft and final form, including complaints, the briefing for defendants' motion to dismiss, and our motion to certify the class; and (iv) assisted with responding to discovery requests, including producing documents.

6.      BRS, through me and General Counsel Natacha Thomas, was consulted over the course of the settlement discussions with defendants.  Ultimately, we gave counsel settlement authority and approved the Settlement.

## II.     BRS ENDORSES APPROVAL OF THE SETTLEMENT BY THE COURT

7.      As part of its oversight, BRS has taken very seriously its fiduciary obligations to maximize the Settlement Class's recovery from the Action.  Based on its involvement throughout the prosecution and resolution of the Action, BRS believes that the proposed Settlement is fair, reasonable, and adequate.  It also believes that the Settlement represents a significant recovery for the Settlement Class, particularly in light of the difficulties and obstacles to a larger recovery had the litigation continued, including the challenges of proving materially false and misleading statements or omissions, scienter, and loss causation and damages, as well as defeating defendants' defenses and

likely challenges to class certification, and the likely length of continued litigation and appeals.  Therefore, BRS strongly endorses approval of the Settlement by the Court.

### III.    BRS SUPPORTS LEAD COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND PAYMENT OF EXPENSES

8.    BRS has also considered Lead Counsel's request for an award of attorneys' fees in the amount of 29% of the Settlement Fund.  BRS believes that a fee of 29% of the Settlement Fund is fair and reasonable under the circumstances of this case.  BRS has evaluated Lead Counsel's request based on the contingent nature of the representation, the substantial effort required to litigate this complex and difficult case to date, and the favorable recovery achieved.  We also believe that the litigation expenses to be requested, which will not be greater than $300,000, are reasonable and represent the costs and expenses that were necessary for the prosecution and resolution of this complex case.

9.    BRS understands that reimbursement of a representative plaintiff's costs and expenses in connection with their representation of a class, including lost wages, is authorized under the PSLRA.  For this reason, in connection with Lead Counsel's request for expenses, BRS is seeking reimbursement for the time I, and others at BRS, dedicated to the prosecution of the Action, which was time that we otherwise would have dedicated to our regular duties at BRS and thus represents a cost to BRS.

10.    During the course of this litigation, I and Natacha Thomas, Esq., General Counsel for BRS, have been the primary representatives responsible for monitoring and participating in the litigation efforts, as described above. In addition, Robert Sullivan assisted in efforts to identify and collect custodial documents for review and production. Based on a review of the various tasks conducted in the case, BRS has conservatively estimated that we have devoted approximately 23 hours to the prosecution of the Action. Multiplying the 23 hours by hourly rates derived from the annual wages and benefits of

- 3 -

the staff that performed the work results in a request of $2,123.00 for the time that BRS dedicated to this case.

11.    Given BRS's participation in this litigation on behalf of the Settlement Class, BRS respectfully requests reimbursement of $2,123.00 for these efforts.

## IV.    CONCLUSION

12.    BRS, a Court-appointed Lead Plaintiff that was closely involved throughout the course of the Action, endorses the Settlement as fair, reasonable and adequate, and believes it represents a very favorable recovery for the Settlement Class.  It further supports Lead Counsel's request for attorneys' fees and expenses and believes that the requests represent fair and reasonable compensation for counsel in light of the significant work performed, the recovery obtained for the Settlement Class, the risks and complexities faced by counsel, and the complexity of the case.

13.    Accordingly, BRS respectfully requests that the Court approve: (a) Lead Plaintiff's motion for final approval of the proposed Settlement and plan of allocation; and (b) Lead Counsel's request for an award of attorneys' fees, payment of litigation expenses, and reimbursement of BRS's expenses.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Boston Retirement System.

Executed on this the 31st day of January, 2025.

TIMOTHY J. SMYTH, ESQUIRE

- 4 -