**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BARCLAYS PLC SECURITIES LITIGATION | Case No. 1:22-cv-08172-KPF |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT....................................................................................................................... 3

I.      THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
        APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION........................ 3

II.     THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
        APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION............... 5

CONCLUSION.................................................................................................................... 5

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff Boston Retirement System ("BRS" or "Lead Plaintiff"), on behalf of itself and members of the proposed Settlement Class, respectfully submits this reply memorandum of law in further support of (i) Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation (ECF No. 99); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses (ECF No. 101) (together, the "Motions").[1]

## **PRELIMINARY STATEMENT**

Now that the February 25, 2025 deadline for seeking exclusion from the Settlement Class or objecting has passed, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and expenses has been overwhelmingly positive. After a robust notice program, there have been no objections to any aspect of the Settlement and only one valid (although untimely) request for exclusion.

More specifically, a total of 142,659 Notices and Claim Forms ("Notice Packets") have been mailed or emailed to potential Settlement Class Members or their nominees through March 10, 2025. *See* Supplemental Declaration of Lance Cavallo Regarding (A) Update on Mailing of the Notice Packet; and (B) Report on Requests for Exclusion Received to Date, dated March 10, 2025, at ¶2, filed herewith ("Supp. Mailing Decl.").  In addition, copies of the Notice, Claim Form, Stipulation, and Complaint were posted on the website created for this Settlement, www.BarclaysSecuritiesSettlement.com, as well as the website of Lead Counsel. Further, on

---

[1] All capitalized terms used in this memorandum that are not defined have the same meanings as in the Stipulation and Agreement of Settlement, dated as of November 27, 2024 ("Stipulation"). ECF No. 96-1. Unless otherwise noted, internal citations and quotations in caselaw have been omitted.

January 6, 2025, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire. See* Declaration of Lance Cavallo Regarding (A) Mailing of Notice and Claim Form; (B) Publication of Summary Notice; (C) Establishment of Telephone Hotline and Settlement Website; and (D) Report on Requests for Exclusion Received to Date, dated February 10, 2025 at ¶9 ("Mailing Decl.," ECF No. 103-3).

The Notice provided the terms of the proposed Settlement and Plan of Allocation and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 29% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $300,000. The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of expenses, or to seek exclusion from the Settlement Class, and the February 25, 2025 deadline for filing objections or seeking exclusion.

On February 11, 2025, pursuant to the schedule set by the Court in the Preliminary Approval Order, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 99-103), the website for the Settlement and Lead Counsel's firm website—described Lead Plaintiff's and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in the litigation, and the fee and expense awards requested.

In response, there have been no objections to the proposed Settlement or Plan of Allocation, no objections to the Fee and Expense Application, and only one valid (although untimely) request for exclusion.[2] *See* Supp. Mailing Decl. at ¶6, Ex. A. Accordingly, Lead Plaintiff and Lead Counsel

---

[2] Two requests for exclusion were received, however one was not submitted by a Settlement Class Member. Supp. Mailing Decl., Ex. A.

respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses.

**ARGUMENT**

**I.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

Following a thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry…" and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig*., 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd, In re Facebook Inc.* 822 F. App'x. 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at \*7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.").  As the Second Circuit reasoned in *Wal-Mart*, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." 396 F.3d at 118.

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection

3

was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts … [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved"); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members … supports approval of the Plan of Allocation").

Similarly, the fact that there is only valid request for exclusion, representing only 149 shares, offers clear support for the Court's final approval of the Settlement.[3] *See, e.g.*, *In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").

---

[3] Exclusion request number one is not valid as it was not submitted by a Settlement Class Member. *See* Supp. Mailing Decl., Ex. A. Request number two was received after the February 25, 2025 deadline, however it was mailed by priority mail sufficiently in advance of the deadline and the Parties do not oppose its acceptance. *Id*.

4

## II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees or payment of Litigation Expenses. The fact that there have been no objections is strong evidence that the requests are fair and reasonable. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Veeco,* 2007 WL 4115808, at *10 (reaction of class members to fee and expense requests "is entitled to great weight by the Court" and absence of any objections "suggests that [a] fee request is fair and reasonable"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

## <u>CONCLUSION</u>

For the reasons set forth herein and the opening papers filed in support of the Motions, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses. Three proposed orders are being submitted herewith: a proposed Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

DATED: March 11, 2025

**LABATON KELLER SUCHAROW LLP**

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee
Christine M. Fox
James M. Fee

Lisa Strejlau
Charles J. Stiene
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
cfox@labaton.com
jfee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

*Counsel for Lead Plaintiff Boston Retirement System and Lead Counsel for the Proposed Settlement Class*

## CERTIFICATION OF WORD-COUNT COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c). The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 1,515 words according to the word-processing system used to prepare the document.

Dated: March 11, 2025

/s/ *Lauren A. Ormsbee*
LAUREN A. ORMSBEE

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.

Dated: March 11, 2025

/s/ *Lauren A. Ormsbee*
LAUREN A. ORMSBEE

8